Robert S. Remar (SBN 100124)
*rremar@leonardcarder.com*
Eleanor Morton (SBN 220407)
*emorton@leonardcarder.com*
Lindsay R. Nicholas (SBN 273063)
*lnicholas@leonardcarder.com*
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400 / Fax: (415) 771-7010

*Attorneys for Defendants* ILWU AND ITS LOCALS 8, 10 AND 19

Steve Holguin (SBN 115768)
*sholguin@hgmglaw.com*
Gillian B. Goldberg (SBN 245662)
*ggoldberg@ hgmglaw.com*
Michael Plank (SBN 290943)
*mplank@ hgmglaw.com*
HOLGUIN, GARFIELD, MARTINEZ & GOLDBERG, APLC
800 West 6th Street, Suite 950
Los Angeles, CA 90017
Tel: (213) 623-0170 / Fax: (213) 623-0171

*Attorneys for Defendant* ILWU LOCAL 13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al. | Case No. 2:14-cv-05604-BRO-SS<br>Hon. Beverly Reid O'Connell<br><br>**DEFENDANTS' MEMORANUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON THE MERITS OF PLAINTIFFS' REMAINING ANTITRUST CLAIMS**<br><br>[L.R. 7-19]<br><br>Date: Dec. 19, 2016<br>Time: 1:30 pm<br>Court: 7C |

# TABLE OF CONTENTS

A. Background ........................................................................................................2

B. There is Good Cause to Permit Defendants to File a Motion for Summary Judgment on Plaintiffs' Remaining Antitrust Claims. ....................................2

    1. The phased case schedule makes a motion for summary judgment on the merits of Plaintiffs' antitrust claims appropriate. ......................2

    2. There are good reasons to believe that Plaintiffs' antitrust claims will be resolved as a matter of law or at least substantially narrowed...................................................................................................3

    3. Permitting a motion for summary judgment on the merits of Plaintiffs' antitrust claims is the most efficient route for resolving the case. ..........................................................................................4

C. There is Good Cause for a Short Continuance of the Trial Date to Allow Defendants' Motion to be Heard. ...................................................................5

D. Conclusion..........................................................................................................5

1  Defendants respectfully move this Court for leave to file a motion for
2  summary judgment on the merits of Plaintiffs' remaining antitrust claims
3  following the close of discovery. Defendants also respectfully request a
4  corresponding continuance of the trial date to allow the motion to be heard before
5  the parties prepare for trial. Discovery recently obtained since the parties shifted
6  to the merits phase of the case establishes solid bases for concluding that
7  Plaintiffs' remaining claims will be resolved on their merits as a matter of law.
8  Permitting a pre-trial dispositive motion on the merits of Plaintiffs claims is
9  consistent with the phased schedule for the case and is the most efficient route
10 toward resolution of the case.

11 Defendants met and conferred with Plaintiffs in advance of filing this
12 motion. In an effort to avoid delaying trial, Defendants initially proposed seeking
13 leave to file a motion for summary judgment before the close of discovery so that
14 the motion would be heard on January 9, 2017. Plaintiffs objected to this schedule
15 and argued that they would be prejudiced if the motion were filed before the close
16 of discovery. Declaration of Eleanor Morton in Support of Defendants' Motion
17 for Leave to File a Motion for Summary Judgment, filed herewith (Morton Decl.),
18 ¶3.

19 Thus, to address Plaintiffs' concerns, Defendants hereby seek leave to file
20 by January 19, 2017, which is ten days after the close of discovery, with a hearing
21 date of March 13, 2017. Defendants also seek a continuance of the bench trial
22 (from March 21, 2017 to June 6, 2017[1]) so that the dispositive motion may be
23 resolved in advance to either prevent the need for trial preparation or to at least
24 focus the preparation consistent with the Court's order on the merits.
25 ///
26 ///
27
28 [1] Defendants propose a June trial date to accommodate Plaintiffs and their counsel who have indicated that they are unavailable in May. Morton Decl. Exhs. B and D.

1
DEFENDANTS' MEMORANDUM ISO MOTION FOR LEAVE TO FILE MSJ
CASE NO. 2:14-CV-05604-BRO-SS

A. **Background**

Plaintiffs filed their Complaint on July 18, 2014, alleging violations of federal labor law, breach of contract and antitrust law. (Dkt. No. 1). Ultimately, the Court dismissed all of Plaintiffs' claims except the antitrust claims. (Dkt. Nos. 40, 46, 52).

Defendants moved for summary judgment on the antitrust claims on the grounds that they fell within the non-statutory labor exemption to antitrust law. (Dkt. No. 55). The Court denied Defendants' motion for summary judgment without prejudice providing that following "reasonable discovery limited to the nonstatutory labor exemption, Defendants may renew their motion." (Dkt. No. 68). Pursuant to the stipulation of the parties, the Court set an Aug. 29, 2016 hearing dated on a renewed summary judgment motion on the non-statutory labor exemption. (Dkt. No. 77).

On July 11, 2016, after conducting discovery on the non-statutory labor exemption, Defendants renewed their motion for summary judgment on that basis. (Dkt. No. 80). The motion was denied on September 12, 2016. (Dkt. No. 96). Defendants' motion for reconsideration or, in the alternative, interlocutory appeal or a stay remains pending. (Dkt. No. 97).

Over the last several months, the parties have conducted discovery on the merits of Plaintiffs' antitrust claims. Morton Decl. ¶2. Discovery closes on January 9, 2017.

The matter is scheduled to be tried by the Court starting March 21, 2017. (Dkt. No. 77).

B. **There is Good Cause to Permit Defendants to File a Motion for Summary Judgment on Plaintiffs' Remaining Antitrust Claims.**

   1. **The phased case schedule makes a motion for summary judgment on the merits of Plaintiffs' antitrust claims appropriate.**

Because the discovery was phased between the non-statutory labor

exemption and the merits, it is appropriate to similarly allow phased dispositive motions – a motion on the exemption (which was filed and denied), and a subsequent motion on the merits to be filed following the close of discovery. Under the phased discovery schedule ordered by the Court and which was stipulated and agreed to by the parties, Defendants could not have moved for summary judgment on the merits of Plaintiffs' antitrust claims earlier.  Nor could the Court have evaluated the merits of those claims based on a full record earlier.

### 2. There are good reasons to believe that Plaintiffs' antitrust claims will be resolved as a matter of law or at least substantially narrowed.

Discovery conducted on the merits of Plaintiffs' antitrust claims to date reveals legal defects in Plaintiffs' theories under both section 1 for restraint of trade and section 2 for attempted monopolization under the Sherman Antitrust Act.  These defects indicate that the case should be dismissed or at least substantially narrowed as a matter of law without the need for a trial.  The following are a few examples:

Discovery produced by Plaintiffs to date indicates that they cannot establish key elements necessary to meet their burden of proof under either Section 1 or 2. These include an inability to prove a relevant market and inability to prove an injury in that market.  *E.g.*, *AFMS LLC v. United Parcel Service Co.*, 105 F. Supp. 3d 1061, 1076 (C.D. Cal. 2015) ("When a plaintiff produces 'insufficient evidence to show either the geographic or the product market,' summary judgment is appropriate.") (quoting *Morgan, Strand, Wheeler & Biggs v. Radiology Lrd.*, 924 F.2d 1484, 1489 (9th Cir. 1991)); *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421, 1443-44 (9th Cir. 1995) (injury to the market a necessary element under sections 1 and 2 of the Sherman Act).  Proof of these matters ordinarily requires expert testimony, and Plaintiffs' expert report fails to show either one.  Morton Decl. ¶2.  Either one of these failures supplies a sufficient basis to grant judgment for Defendants on all remaining claims as a matter of law.

1 Responses to discovery recently provided by Plaintiffs establish that
2 Plaintiffs' claim for attempted monopolization rests on a "shared monopoly"
3 theory that the Ninth Circuit and this Court have rejected.  *Rebel Oil*, 51 F.3d at
4 1443; *Lenhoff Enterprises, Inc. v. United Talent Agency, Inc.*, No.
5 CV1501086BRO, 2015 WL 7008185, at *4 (C.D. Cal. Sept. 18, 2015)
6 (O'Connell, J.) (citing *Rebel Oil* and rejecting section 2 claim because "[t]he
7 Ninth Circuit does not recognize a "shared monopoly" or "joint monopoly"
8 theory").  This argument supplies an independent ground for granting judgment to
9 Defendants on the section 2 claim.  Morton Decl. ¶4, Exh. A (Response to Special
10 Interrog. 11).

11 For these and other reasons, it is at least reasonably likely that Plaintiffs'
12 claims can and should be resolved as a matter of law, or at least narrowed.

13 **3.    Permitting a motion for summary judgment on the merits of Plaintiffs' antitrust claims is the most efficient route for resolving the case.**

15 Plaintiffs' antitrust claims can and should be resolved or at least narrowed
16 as a matter of law.  It would be far more efficient for the parties and the Court to
17 address these issues before the trial, rather than in a motion for directed verdict
18 filed during the trial after the close of Plaintiffs' case.

19 Even if Defendants are entirely mistaken in their assessment of the
20 arguments on the merits, a pre-trial ruling from the Court on the merits of
21 Plaintiffs' antitrust claims would provide valuable guidance to the parties by
22 showing how the Court views the claims that will be tried to the bench.  Thus,
23 even if Defendants' dispositive motion on the merits of the antitrust claims is
24 denied, the Court's order will allow for more efficient preparation, pre-trial
25 proceedings and trial.

26 ///
27 ///
28 ///

**C.   There is Good Cause for a Short Continuance of the Trial Date to Allow Defendants' Motion to be Heard.**

Currently, trial is scheduled to begin on March 21, 2017, which would be just over one week after Defendants' proposed dispositive motion hearing date of March 13, 2017.  To try to prevent the parties and the Court from engaging in potentially unnecessary pre-trial preparation and motion practice, Defendants respectfully request a continuance of the trial date to June 6, 2017.  Defendants propose this date in order to accommodate Plaintiffs and their counsel who have indicated their unavailability in May 2017.  Morton Decl. Exhs. B, D.

**D.   Conclusion**

For the foregoing reasons, Defendants motion should be granted. Defendants should be permitted to file a motion for summary judgment on the merits of Plaintiffs' claims by no later than January 19, 2017 and the trial should be continued to June 6, 2017.

Respectfully submitted,

Dated: November 21, 2016          LEONARD CARDER, LLP

By:   /s/
Robert S. Remar
Eleanor Morton
Lindsay R. Nicholas

*Attorneys for Defendants* ILWU AND ITS LOCALS 8, 10 AND 19

Dated: November 21, 2016          HOLGUIN, GARFIELD, MARTINEZ & GOLDBERG, APLC

By:   /s/
Steve Holguin
Gillian B. Goldberg
Michael Plank

*Attorneys for Defendant* ILWU LOCAL 13