Robert S. Remar (SBN 100124)
*rremar@leonardcarder.com*
Eleanor Morton (SBN 220407)
*emorton@leonardcarder.com*
Lindsay R. Nicholas (SBN 273063)
*lnicholas@leonardcarder.com*
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400 / Fax: (415) 771-7010

*Attorneys for Defendants* ILWU AND ITS LOCALS 8, 10 AND 19

Steve Holguin (SBN 115768)
*sholguin@hgmglaw.com*
Gillian B. Goldberg (SBN 245662)
*ggoldberg@ hgmglaw.com*
Michael Plank (SBN 290943)
*mplank@ hgmglaw.com*
HOLGUIN, GARFIELD,
MARTINEZ & GOLDBERG, APLC
800 West 6th Street, Suite 950
Los Angeles, CA  90017
Tel: (213) 623-0170 / Fax: (213) 623-0171

*Attorneys for Defendant* ILWU LOCAL 13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al. | Case No. 2:14-cv-05604-BRO-SS<br>Hon. Beverly Reid O'Connell<br><br>**DECLARATION OF ELEANOR MORTON IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON THE MERITS OF PLAINTIFFS' REMAINING ANTITRUST CLAIMS**<br><br>[L.R. 7-19]<br><br>Date: Dec. 19, 2016<br>Time: 1:30 pm<br>Court: 7C |

I, Eleanor Morton, declare as follows:

1. I am an attorney licensed to practice in this state and admitted to this Court. I am a partner at the law firm of Leonard Carder, LLP, attorneys of record for Defendants International Longshore and Warehouse Union ("ILWU") and Locals 8, 10 and 19 in this case. I make this declaration based on my own personal knowledge and would testify truthfully to the facts set forth herein if called upon to do so.

2. Over the past several months, the parties to this case have been engaged in discovery on the merits of Plaintiffs' antitrust claims. Discovery closes on January 9, 2017. On October 31, 2016, Plaintiffs served their expert report addressing the merits of their claims. Plaintiffs' expert report has several key deficiencies. Among other things, it relies on virtually no evidence and is premised on the unsupported assumption that all of the allegations in the Second Amended Complaint are true.

3. On or about November 9, 2016, I met and conferred by phone with Plaintiffs' counsel Paul Hetterman about Defendants' intention to seek leave to file a motion for summary judgment on the merits of Plaintiffs' claims. At that time, Defendants intended to seek this relief via *ex parte* application so that they might be able to file the dispositive motion in time to allow a January 9, 2017 hearing date. Plaintiffs' counsel objected to Defendants seeking this relief by *ex parte* application and objected to having to respond to a motion for summary judgment on the merits before discovery had concluded. Plaintiffs did not yet have a position on whether they would oppose Defendants seeking leave via a regularly-noticed motion with a summary judgment filing date after the close of discovery.

4. On November 14, 2017, Plaintiffs served responses to Defendants' Special Interrogatories. The responses were identical for both Plaintiffs.

1  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff Surf City's
2  responses. In response to Special Interrogatory No. 11 asking Plaintiffs to identify
3  the "monopolist" or "attempted monopolist" for purposes of their attempted
4  monopoly claim alleged in the SAC, Plaintiffs identified ILWU, the four
5  defendant ILWU locals and "PMA members which are 'port managers.'"

6      5.    On Nov. 17, 2016, I emailed Mr. Hetterman and explained the relief I
7  would be seeking with this motion. I asked him to let me know Plaintiffs'
8  positions about the relief sought and dates proposed by close of business on Nov.
9  18. A true and correct copy of my email is attached hereto as **Exhibit B**. Mr.
10 Hetterman sent me two emails on Nov. 18 responding that Plaintiffs oppose this
11 motion and prefer a June trial date rather than a May date, as I had proposed.
12 True and correct copies of Mr. Hetterman's emails are attached hereto
13 respectively as **Exhibit C** and **Exhibit D**.

15     I declare under penalty of perjury under the laws of the State of California
16 that the foregoing is true and correct.

18     Executed this 21st day of November, 2016 at San Francisco, California.

20                          s/ Eleanor Morton
21                          ELEANOR MORTON

# EXHIBIT A

DAVID A. ROSENFELD, Bar No. 058163
LISL R. DUNCAN, Bar No. 261875
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Boulevard, Suite 1320
Los Angeles, California 90017
Tel: 213-380-2344
Fax: 213-443-5098
E-Mail: drosenfeld@unioncounsel.net
           lduncan@unioncounsel.net

RONALD C. GLADNEY, Bar No. 28160
PAUL C. HETTERMAN, Bar No. 27126
HARTNETT GLADNEY HETTERMAN, L.L.C.
4399 Laclede Avenue
St. Louis, Missouri 63108
Tel: 314-531-1054
Fax: 314-531-1131
E-Mail: rgladney@hghllc.net
           phetterman@hghllc.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al., <br><br> Defendants. | No. 2:14CV14-5604 BRO (SS) <br><br> **PLAINTIFF SURF CITY'S ANSWERS TO DEFENDANTS' SPECIAL INTERROGATORIES DIRECTED TO PLAINTIFF SURF CITY, INC. (SET ONE)** |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1

Plaintiff Surf City's Answers to Defendants' Special Interrogatories Directed to Plaintiff Surf City Steel, Inc. (Set One) Case No. 2:14CV14-5604 BRO (SS)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants respond to the following Interrogatories within the time provided by said Rules.

## GENERAL INSTRUCITONS

1.      Each Interrogatory is required to be answered separately by Defendants based upon knowledge available from all sources, including all information in its possession, or in the possession of its agents, representatives, attorneys, accountants, or otherwise available to it and verified under oath.

2.      If any of these Interrogatories cannot be answered in full, Defendants must answer to the extent possible, specify the reason for its inability to answer the reminder, and state whatever information or knowledge it has concerning the unanswered portion.

3.      Where an Interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to the request either comprehensible, complete, or not misleading, Defendants should include such fact or facts as part of its answer, and the Interrogatory shall be deemed specifically to request such fact or facts.

4.      In preparing its responses to each Interrogatory, Defendants are requested to set out the request in full prior to the answer.

5.      If an Interrogatory asks you to "IDENTIFY" a person or entity, please state his/her/its full name, title and last known employer (if a person), current or last known address, and telephone number.

## DEFINITIONS

1.      The term "SAC," as used in these Interrogatories, shall mean the "Second Amended Complaint" filed by Plaintiffs in this action.

2.      The Term "Relevant Work," as used in these Interrogatories, shall mean

2

the work referenced in paragraph 20 of the Second Amended Complaint.

3. The term "relevant market area," as used in these Interrogatories, shall mean the area referenced in paragraph 19 of the Second Amended Complaint.

4. The term "PMA," as used in these Interrogatories, shall mean the Pacific Maritime Association.

## INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Describe with specificity each action, task or activity that YOU contend comprises the "relevant work," as alleged in the SAC, including the equipment, machinery, tools, materials, the number and classifications or workers and labor hours needed for each such action, task or activity.

### ANSWER:

The "relevant work" consists of certain work pertaining to hammerhead or overhead cranes, as well as transtainers or RTGs (rubber tire gantries). With respect to the overhead cranes, the relevant work includes the loading, unloading and structural installation of new cranes and movement, structural maintenance and modification and dismantling of existing cranes, as well as occasional structural repairs. With respect to transtainers, the relevant work involves removing the fasteners which secured the cranes for the ocean voyage from both the crane and the ship/barge.

### SPECIAL INTERROGATORY NO. 2

Identify each port facility and/or other location that you contend comprises the "relevant market area" as alleged in paragraph 19 of the SAC.

### ANSWER:

The West Coast ports in California, Washington and Oregon where the relevant work is or can be expected to be performed.

3

Plaintiff Surf City's Answers to Defendants' Special Interrogatories Directed to Plaintiff Surf City Steel, Inc. (Set One) Case No. 2:14CV14-5604 BRO (SS)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

**SPECIAL INTERROGATORY NO. 3**

IDENTIFY each date on which YOU performed "relevant work" as that term is used in the SAC at any location at any time from January 1, 2004 through the present, including IDENTIFYING the entity with whom YOU contracted to perform the work, the scope of work YOU performed including each action(s), task(s) or activity, the number of labor hours and classifications of workers used, the location where YOU performed the work, whether YOU performed the work in the "relevant market area" as that is used in the SAC, and the amount YOU were paid.

**ANSWER**:

Please see documents produced in response to Defendants' RFP.

**SPECIAL INTERROGATORY NO. 4**

State all facts that support your allegation in paragraph 115 of the SAC that, [p]rior to 2008, the relevant work in the relevant market area was exclusively performed by Iron Workers and Iron Workers contractors, which prior to 2008, performed hundreds of projects involving the "relevant work" in the "relevant market area," including but not limited IENTIFYING each project involving the relevant work in the "relevant market area" and, for each such project, IDENTIFY the contractor(s) that performed the "relevant work," the union local that represented the workers, the scope of work performed including each action(s), task(s) or activity, the number of labor hours and classifications of workers used, the dates when the contractor performed the work, the entity or entities with whom the contractor contracted to perform the work, and the amount that the contractor was paid.

**ANSWER**:

This allegation is based upon statements of individuals who have performed and witnessed the performance of this work for years in the relevant market area and a

4

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

review of documents reflecting the work performed by Iron Workers and their contractors.

**SPECIAL INTERROGATORY NO. 5**

IDENTIFY all dates when YOU contend an entity performed work that YOU would have otherwise performed had it not been for one or more or the alleged actions of any of the Defendants alleged in the SAC, the specific tasks YOU contend YOU would have performed on each such date, the customer for whom you contend YOU would have performed each such task, the location and the amount YOU contend YOU would have been paid, and whether you submitted a bid or other proposals for that work.

**ANSWER**:

Plaintiff is in the process of obtaining this information.

**SPECIAL INTERROGATORY NO. 6**

For each task identified in response to Special Interrogatory No. 5, IDENTIFY each and every amount YOU have previously charged to any customer to perform that task.

**ANSWER**:

This information will be supplied as soon as Plaintiffs have the information necessary to prepare a response to the preceding Interrogatory.

**SPECIAL INTERROGATORY NO. 7**

IDENTIFY by name and address every person or entity that YOU contend is a "port manager," as that term is used in the SAC.

**ANSWER**:

A "port manager" is an entity which performs relevant work within the relevant market area itself or contracts with another party which performs the relevant work in the relevant market area. The specific identifies of these entities can be obtained

5

Plaintiff Surf City's Answers to Defendants' Special Interrogatories Directed to Plaintiff Surf City Steel, Inc. (Set One) Case No. 2:14CV14-5604 BRO (SS)

by reviewing documents produced in response to Defendants' Request for Production.

## SPECIAL INTERROGATORY NO. 8

State all facts that support YOUR contention that "port managers control 100% of the relevant work in the relevant market area," as alleged in paragraph 29 of SAC.

**ANSWER**:

Inasmuch as a "port manager" includes any entity which performs relevant work in the relevant market area itself or contracts with another party to perform the relevant work in the relevant market area, the port managers control 100% of the relevant work in the relevant market area.

## SPECIAL INTERROGATORY NO. 9

State all facts that support YOUR contention that "the price of the relevant work in the relevant market area has increased because Defendants have enforced the agreement to prohibit the award of the relevant work to Plaintiff contractors and Unions," as alleged in paragraph 58 of the SAC, including IDENTIFYING each source(s) YOU rely on for each such fact.

**ANSWER**:

Defendants do not have members qualified to perform the relevant work in the relevant market area. Defendants are recruiting Iron Workers who have experience in performing the relevant work for employment by ILWU contractors to enable those contractors to competently perform the relevant work. Bob Kasprowicz, Tracey Singelhurst and Greg Garside of Surf City and Piedmont Brown of Local 433 have had conversations with port managers and ILWU contractors indicating that the quality of the ILWU workers is lacking and that, as a result, additional time is spent in performing the relevant work, resulting in higher costs.

6

Plaintiff Surf City's Answers to Defendants' Special Interrogatories Directed to Plaintiff Surf City Steel, Inc. (Set One) Case No. 2:14CV14-5604 BRO (SS)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

**SPECIAL INTERROGATORY NO. 10**

State the amount of damages YOU seek in this lawsuit and explain with precision how such damages have been calculated.

**ANSWER**:

To be supplied.

**SPECIAL INTERROGATORY NO. 11**

IDENTIFY each entity that YOU contend is or was at any time a monopolist or attempted monopolist in the market for "relevant work" in the "relevant market area," as those terms are used in the SAC, for purposes of your antitrust claim(s).

**ANSWER**:

Defendant ILWU, with assistance from its co-Defendants and PMA members which are "port managers," who have agreed to restrict "open" competition for relevant work in the relevant market area such that in certain areas, the relevant work must be performed by ILWU members or awarded to ILWU contractors.

**SPECIAL INTERROGATORY NO. 12**

IDENTIFY each entity that YOU contend is or was at any time restraining trade or conspiring to restrain trade for purposes of your antitrust claim(s).

**ANSWER**:

Please see answer to the preceding Interrogatory.

**SPECIAL INTERROGATORY NO. 13**

IDENTIFY each entity that YOU contend is or was YOUR competitor for "relevant work" in the "relevant market area," as those terms are used in the SAC, at any time for purposes of YOUR antitrust claims.

**ANSWER**:

Iron Worker contractors which have performed the relevant work in the relevant market area include Plaintiffs, Bickerton Iron Workers, Italco, Bragg, MTS and PACECO. Since Defendants have engaged in their anticompetitive conduct, ILWU

7

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

contractors such as Terminal Equipment Services, Incorporated (TESI), Pacific Crane Maintenance Company (PCMC), Ocean Terminal Services (OTS) and Harbor Industrial have begun to perform the relevant work in the relevant market area.

Dated:  November 14, 2016

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN

By:  /S/ PAUL C. HETTERMAN
RONALD C. GLADNEY, No. 28160MO
PAUL C. HETTERMAN, No.  27126MO

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I am employed in the City of St. Louis, State of Missouri. I am over the age of 18 years and not a party to the within action; my business address is 4399 Laclede Avenue, St. Louis, MO 63108. On November 14, 2016, I served a true and accurate copy of the foregoing document(s):

**PLAINTIFFS' ANSWERS TO DEFENDANTS' SPECIAL INTERROGATORIES DIRECTED TO PLAINTIFF SURF CITY STEEL, INC. (SET ONE)**

On all interested parties in this action as follows:

Eleanor Morton, Esq.
Leonard Carder Law Firm
1188 Franklin Street
San Francisco, CA 94109
emorton@leonardcarder.com

Michael Plank, Esq.
Holguin, Garfield, Martinez & Quinonez, APLC
800 West 6th Street, Suite 950
Los Angeles, CA 90017
mplank@hgmq.org

/s/ Paul C. Hetterman

8

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

9

Plaintiff Surf City's Answers to Defendants' Special Interrogatories Directed to Plaintiff Surf City Steel, Inc. (Set One) Case No. 2:14CV14-5604 BRO (SS)

# EXHIBIT B

| | |
|---|---|
| **From:** | Eleanor Morton |
| **To:** | "Paul Hetterman" |
| **Cc:** | Lindsay Nicholas; Michael Plank (Mplank@hgmglaw.com) |
| **Subject:** | Surf City - Mot for Leave to Seek SJ on the Merits |
| **Date:** | Thursday, November 17, 2016 4:07:00 PM |

Paul:

As we discussed on our call last week, Defendants are moving forward with a motion for leave to file a motion for SJ on the merits of Plaintiffs' antitrust claims.  Based on the objections you voiced on the call, we will be seeking this relief through a regular noticed motion to be heard on Dec. 19 (not ex parte application) and we will be requesting to file after the close of discovery.  We intend to request a Jan. 19, 2017 MSJ filing date and Mar. 13, 2017 hearing date.  We also intend to request that the Court continue the trial date to May 16, 2017 so that we have the benefit of the judge's ruling before we have to begin trial preparation.

Last week, you did not yet have a position on whether Plaintiffs would oppose Defendants' motion for leave to seek SJ on the merits of the antitrust claims.  Can you let me know by the end of the day on Friday (tomorrow) whether Plaintiffs oppose the motion and whether you would prefer we seek different dates from the ones I outline above?

Thanks,


Eleanor Morton

LEONARD CARDER, LLP

1188 Franklin St., Suite 201

San Francisco, CA 94109

Tel: 415/771-6400

Fax: 415/771-7010

# EXHIBIT C

| | |
|---|---|
| **From:** | Linda Ulery |
| **To:** | Eleanor Morton |
| **Cc:** | Paul Hetterman |
| **Subject:** | Surf City, et al. v. ILWU, et al. |
| **Date:** | Friday, November 18, 2016 10:23:21 AM |

Eleanor,

This will acknowledge receipt of your e-mail of November 17 regarding your Motion for Summary Judgment. Plaintiffs oppose Defendants' Motion for Leave to seek summary judgment on the merits of the anti-trust claims.

As far as the dates you gave me, I do need to run those by a couple of people and will try to get back with you by the close of business today, although I may not reach the people I need to speak with until Monday.

Thanks.

Paul

Linda K. Ulery for Paul C. Hetterman
Hartnett Gladney Hetterman, L.L.C.
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:    314-531-1131

***Attention***

This electronic transmission, including all attachments, is from the law firm of Hartnett Gladney Hetterman, L.L.C.  This electronic transmission contains information that is confidential and is protected by the attorney-client or attorney work product privileges.  If you have received this transmission and/or attachment(s) and you are not the intended recipient, promptly delete this message and please notify the sender of the delivery error by return e-mail or telephone at (314) 531-1054.  You are specifically instructed that you may not forward, print, copy or distribute, or use the information in this message if you are not the intended recipient.

***Security Notice***

PLEASE NOTE:  The Missouri Bar Chief Disciplinary Counsel recommends that all Missouri lawyers notify recipients of e-mail that: (1) e-mail communication is not a secure communication; (2) any e-mail may be copied, forwarded, and/or held by various computers it passes through; and (3) persons not participating in such communication may intercept e-mail communications by improperly accessing your computer, my computer, or another computer through which the e-mail has passed.

I am communicating with you via e-mail because you have either consented to receive communications via e-mail or have not instructed me to stop communicating with you via e-mail.  If you do not want future e-mail communications from me, please notify me immediately.

# EXHIBIT D

| | |
|---|---|
| **From:** | Linda Ulery |
| **To:** | Eleanor Morton |
| **Cc:** | Paul Hetterman |
| **Subject:** | Surf City, et al. v. ILWU, et al. |
| **Date:** | Friday, November 18, 2016 12:21:13 PM |

Eleanor,

Unfortunately, it does not appear that we are available during the month of May 2017 for trial in this matter. We are available in June.

Should you have any questions or comments, please advise.

Paul

Linda K. Ulery for Paul C. Hetterman
Hartnett Gladney Hetterman, L.L.C.
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:    314-531-1131

***Attention***

This electronic transmission, including all attachments, is from the law firm of Hartnett Gladney Hetterman, L.L.C.  This electronic transmission contains information that is confidential and is protected by the attorney-client or attorney work product privileges.  If you have received this transmission and/or attachment(s) and you are not the intended recipient, promptly delete this message and please notify the sender of the delivery error by return e-mail or telephone at (314) 531-1054.  You are specifically instructed that you may not forward, print, copy or distribute, or use the information in this message if you are not the intended recipient.

***Security Notice***

PLEASE NOTE:  The Missouri Bar Chief Disciplinary Counsel recommends that all Missouri lawyers notify recipients of e-mail that: (1) e-mail communication is not a secure communication; (2) any e-mail may be copied, forwarded, and/or held by various computers it passes through; and (3) persons not participating in such communication may intercept e-mail communications by improperly accessing your computer, my computer, or another computer through which the e-mail has passed.

I am communicating with you via e-mail because you have either consented to receive communications via e-mail or have not instructed me to stop communicating with you via e-mail.  If you do not want future e-mail communications from me, please notify me immediately.