Joanna K. Chan (SBN 284898)
jchan@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

Ronald F. Wick (*pro hac vice* motion to be submitted)
rwick@cohengresser.com
COHEN & GRESSER LLP
1707 L Street, N.W., Suite 550
Washington, D.C. 20036
Telephone: (202) 851-2070
Facsimile: (202) 851-2081
*Attorneys for Non-Party Pacific Maritime Association*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, *et al.*, <br><br> Defendants. | Case No.: 2:14-cv-05604-BRO-SS <br> Hon. Beverly Reid O'Connell <br><br> **OPPOSITION OF NON-PARTY PACIFIC MARITIME ASSOCIATION TO DEFENDANTS' MOTION FOR JOINDER** <br><br> Date: December 19, 2016 <br> Time: 1:30 p.m. <br> Court: 7C—7th Floor |

# Table of Contents

STATEMENT OF FACTS ........................................................................................... 2

    A. PMA, ILWU, and the PCLCD ...................................................................... 2

    B. Plaintiffs' Allegations Against Defendants ................................................. 3

ARGUMENT ............................................................................................................. 5

    A. The Court Can Accord Complete Relief Among Existing Parties Without Joining PMA ................................................................................................. 6

    B. PMA Claims No Interest in This Dispute. ................................................... 9

    C. Joinder of PMA at this Juncture Would Be Prejudicial to PMA. ............. 10

CONCLUSION ....................................................................................................... 11

# Table of Authorities

**Cases**

*Adams v. Delta Air Lines, Inc.*,
   No. 96 Civ. 2871 (HB), 1997 WL 12803 (S.D.N.Y. Jan. 14, 1997)..........................7

*Brum v. County of Merced*,
   No. 1:12-cv-1636, 2013 WL 2404844 (E.D. Cal. 2013) .........................................6, 8

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
   375 F.3d 861 (9th Cir. 2004)..................................................................................6

*EEOC v. Peabody W. Coal Co.*,
   610 F.3d 1070 (9th Cir. 2010).................................................................................5

*Eldredge v. Carpenters 46 N. Cal. Counties Apprenticeship & Training Comm.*,
   662 F.2d 534 (9th Cir. 1981)..........................................................................5, 6, 10

*Elohim EPF USA, Inc. v. Total Music Connection, Inc.*,
   No. CV 14-02496-BRO, 2015 WL 12655536 (C.D. Cal. Dec. 7, 2015)..............9, 11

*Gen. Refractories Co. v. First State Ins. Co.*,
   500 F.3d 306 (3d Cir. 2007)....................................................................................6

*Gray v. Oncor Elec. Delivery Co., LLC*,
   No. 3:11-cv-00781-L, 2011 WL 6039629 (N.D. Tex. Nov. 30, 2011)......................7

*Greer v. Pac. Gas & Elec.*,
   No. 1:15-cv-01066-EPG, 2016 WL 2939148 (N.D. Cal. 2016) ...............................7

*Hodgson v. Sch. Bd., New Kensington-Arnold Sch. Dist.*,
   56 F.R.D. 393 (W.D. Pa. 1972)...............................................................................8

*McCooe v. Town of Manchester*,
   101 F.R.D. 339 (D. Conn. 1984)............................................................................7

*Nat'l Org. of Women v. Minn. Mining & Mfg. Co.*,
   73 F.R.D. 467 (D. Minn. 1977)..............................................................................8

*Northrop Corp. v. McDonnell Douglas Corp.*,
   705 F.2d 1030 (9th Cir. 1983).................................................................................9

*Reyes v. Mo.-Kan.-Tex. R.R. Co.*,
   53 F.R.D. 293 (D. Kan. 1971).................................................................................8

*Thomas, Head & Greisen Employees Trust v. Buster*,
   95 F.3d 1449 n.18 (9th Cir. 1996) .................................................................................. 9

*United States v. Bowen*,
   172 F.3d 682 (9th Cir. 1999) .......................................................................................... 9

*Ward v. Apple Inc.*,
   791 F.3d 1041 (9th Cir. 2015) ................................................................................... 7, 9

*Ware v. City of Buffalo*,
   186 F. Supp. 2d 324 (W.D.N.Y. 2001) .......................................................................... 7

**Rules**

Rule 19(a)(1) ................................................................................................................ passim

iii

More than two years after this action was filed against defendants International Longshore and Warehouse Union ("ILWU") and its locals, and more than 18 months after the currently operative complaint was filed, defendants have now decided that Pacific Maritime Association ("PMA") is a "necessary and indispensable party" to the case. Amazingly, defendants have reached this conclusion only *after* filing three motions to dismiss, engaging in discovery, and filing two summary judgment motions, all without the participation of PMA. Defendants now seek to add PMA and require it to defend a complex antitrust action less than four months before trial.

PMA, however, is not, and never has been, a required party under [Federal Rule of Civil Procedure 19](). No relief is sought against PMA, and PMA claims no interest relating to the subject matter of this action. While defendants claim that "complete relief" cannot be accorded in PMA's absence, the plaintiffs who seek that relief obviously disagree and have opposed defendants' motion.

At its core, defendants' argument is based on the incorrect premise that plaintiffs have asked the Court to set aside the collective bargaining agreement between ILWU and PMA. No request for such relief appears anywhere in the Second Amended Complaint, Dkt. 47 ("SAC"). Moreover, plaintiffs' opposition to defendants' motion makes clear that no such relief is sought, effectively waiving any claim to relief that would require the Court to invalidate any portion of the labor contract. The only injunctive relief plaintiffs seek is against defendants' conduct, and any injunction against such conduct would not adversely impact PMA.

As the SAC acknowledges, PMA does not join in or support defendants' interpretation of the provisions of the collective bargaining agreement referenced in the SAC. PMA never intended those provisions to be interpreted in the manner advocated by defendants.

While PMA does not believe defendants' conduct as alleged in the SAC violates the antitrust laws, no relief is sought against PMA, and there is simply no

reason to require PMA to appear and defend a contract interpretation position it has never taken. Moreover, forcing PMA into the action so close to the scheduled trial, after key issues in the case have been addressed by the Court in PMA's absence, would be highly prejudicial to PMA. Accordingly, PMA requests that defendants' motion be denied.

## STATEMENT OF FACTS

### A. **PMA, ILWU, and the PCLCD**

PMA is a non-profit, multiemployer collective bargaining association whose members include dozens of stevedoring companies, terminal operators, and maintenance and repair companies that employ dockworkers, such as longshoremen, on the United States Pacific Coast. *See* Declaration of Eleanor Morton, filed in support of Defendants' Motion, Dkt. 104-2, Ex. A, Deposition of Stephen Hennessey ("Hennessey Dep.") 7:9-17; Declaration of Leal Sundet, filed in support of Defendants' Motion, Dkt. 104-3 ("Sundet Dec."), Ex. A. (PCLCD Excerpts) at 9. PMA, on behalf of its members, negotiates and administers the collectively bargained Pacific Coast Longshore and Clerks' Agreement ("PCL&CA") with ILWU. Sundet Dec. Ex. A. One component of the PCL&CA is the Pacific Coast Longshore Contract Document ("PCLCD"). *Id.*

It is not uncommon for disputes to arise between ILWU, on the one hand, and PMA and/or a PMA member, on the other hand, under the PCLCD. Hennessey Dep. 46:14-22. The PCLCD provides a dispute resolution mechanism for such disputes, including arbitration and appeal. *Id.* Where a dispute arises between ILWU and a PMA member, PMA frequently represents its member in arbitration proceedings and subsequent appeals. *Id.* 40:10-19.

One such area of disputes is work jurisdiction under the PCLCD. *Id.* 46:14-22. One jurisdictional provision of the 2008 PCLCD is contained in Section 1.72, which provides that "the jurisdiction of the ILWU shall apply to the maintenance and repair

of all present and forthcoming stevedore cargo handling equipment in accordance with Sections 1.7 and 1.71." Sundet Dec., Ex. A, at 17-18. Sections 1.7 and 1.71, in turn, provide that the PCLDC "shall apply to," respectively, "the maintenance and repair of containers of any kind and of chassis, and the movement incidental to such maintenance repair," and "the maintenance and repair of all stevedore cargo handling equipment." *Id.* at 17.

### B. Plaintiffs' Allegations Against Defendants

Plaintiffs' SAC, filed in April 2015—more than 18 months before defendants filed the instant motion—alleges that defendants have violated the antitrust laws through conduct that excludes plaintiffs from performing certain services relating to the erection, movement, maintenance, and modification of cranes (the "Relevant Work")[1] at Pacific Coast ports. The SAC alleges that defendants have interpreted Sections 1.7, 1.71, and 1.72 of the PCLCD as prohibiting PMA members from subcontracting the Relevant Work to non-ILWU employers, SAC ¶ 39, even though these provisions mention neither the Relevant Work nor subcontracting. The SAC further alleges that defendants have used the PCLCD's dispute resolution mechanism to enforce their interpretation of these provisions, and have "coerced" certain PMA members, through actual or "threatened" use of this mechanism, to refrain from subcontracting the Relevant Work to non-ILWU employers. SAC ¶¶ 63, 69, 73.

The SAC does not name PMA or any PMA member as a defendant. Neither does the SAC ask this Court to set aside or invalidate the PCLCD, either in whole or in part. The only relief sought in the SAC's antitrust claim, other than a monetary award against defendants, is an order (i) "finding that the *conduct of Defendants* as described herein violates the Sherman Act and Clayton Act"; (ii) "declaring such

---

[1] The SAC defines the "relevant work" as including "the labor and services necessary for non-operational structural maintenance and structural modification of cranes and movement of cranes and all other work in connection therewith; and the jacking, erection and modification of cranes and of existing cranes and movement of new cranes and existing cranes in connection therewith." SAC ¶ 20.

3

conduct should cease and desist immediately"; and (iii) "prohibiting *Defendants* from engaging in *said conduct*." SAC at 27 (emphasis added).

Moreover, the SAC does not allege that PMA has supported ILWU's interpretation of the PCLCD in this manner, or that PMA has made any effort to prevent its members from subcontracting the Relevant Work to non-ILWU employers. In fact, PMA has not interpreted the PCLCD to prevent the subcontracting of the Relevant Work to non-ILWU employers. To the contrary, PMA, in negotiating the 2008 PCLCD, did not intend Section 1.72 to apply to the Relevant Work alleged in the SAC, and has vigorously disputed ILWU's interpretation otherwise. Hennessey Dep. 73:20-75:15. This dispute has been the subject of multiple arbitrations, currently working their way through the appeals process under the PCLCD, in which PMA has argued that tasks falling within the alleged Relevant Work are not covered by the provisions at issue and may be assigned or subcontracted to non-ILWU employers. *Id.* 109:3-18.

Nor does the SAC allege that PMA derives any benefit from defendants' conduct. Rather, plaintiffs allege that the "purpose and intent of the Defendants' conduct is to require that any worker performing the relevant work in the relevant market area be a member of the ILWU and that any contractor performing work in the relevant market area be signatory to the ILWU." SAC ¶ 56. There is no allegation that PMA has engaged in, supported, or benefited from any of the activity attributed to defendants in the SAC.

Plaintiffs' opposition to the instant motion confirms that they "have no quarrel" with PMA. Dkt. 105, Plaintiffs' Memorandum, at 6. Plaintiffs make clear that they "are not challenging the language of the PCLCD itself, but rather the Defendants' interpretation of same as pursued through the grievance and arbitration process." *Id.* at 3; *See also id.* at 7 ("Plaintiffs are not asking this Court to declare portions of the PCLCD unlawful.")

# ARGUMENT

Rule 19(a)(1) provides for two scenarios in which a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" is a "required party" that must be joined.  Under Rule 19(a)(1)(A), joinder of a person is required only if "in that person's absence, the court cannot accord complete relief among existing parties."  Rule 19(a)(1)(B) requires joinder of a person only where "that person *claims* an interest relating to the subject of the action" *and* proceeding without the joined person may either (i) impair or impede that person's ability to protect the claimed interest; or (ii) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Id. (emphasis added).

The Ninth Circuit has emphasized the need for flexibility in deciding Rule 19 issues, noting that "[t]he determination is heavily influenced by the facts and circumstances of each case."  *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1081 (9th Cir. 2010) (internal quotations omitted).  The "inquiry should focus on the practical effects of joinder and nonjoinder."  *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981).

Here, Rule 19 provides no basis for joining PMA as a required party.  PMA's presence as a defendant is not required for the Court to accord complete relief among the existing parties, and thus Rule 19(a)(1)(A) does not apply.  Because PMA claims no interest in this dispute, Rule 19(a)(1)(B) is inapplicable.  Moreover, requiring PMA to enter the case at this juncture, more than two years into the case and merely three months before trial, would unreasonably prejudice PMA's defense against this lawsuit.  For all of these reasons, defendants' motion to join PMA should be denied.

### A. The Court Can Accord Complete Relief Among Existing Parties Without Joining PMA.

Under Rule 19(a)(1)(A), joinder of an absent person is required only where, "in that person's absence, the court cannot accord complete relief among existing parties . . . ." The relevant inquiry here is whether the absence of a party "would preclude the district court from fashioning meaningful relief as between the parties." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (citation omitted). This determination contemplates "consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Id.*

Rule 19(a)(1)(A) is "concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge*, 662 F.2d at 537. Thus, "the district court limits its analysis to whether it 'can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial.'" *Brum v. County of Merced*, No. 1:12-cv-1636, 2013 WL 2404844, at *5 (E.D. Cal. 2013) (quoting *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007))(emphasis in original).

Defendants have articulated no reason why PMA's presence as a defendant is necessary for the Court to accord complete relief among existing parties. To the contrary, defendants have been perfectly willing to litigate this case for more than *two years* without PMA.

The gravamen of defendants' Rule 19(a)(1) argument is that PMA is a party to the PCLCD, and therefore any action to set aside the PCLCD requires PMA's presence. But this is not an action to set aside the PCLCD. Such relief is not requested anywhere in the SAC, and plaintiffs' opposition to this motion confirms that plaintiffs will not any seek any relief that includes or requires invalidation of any

portion of the PCLCD.  Dkt. 105 at 3, 7.  The Ninth Circuit has not held that an absent party is required merely because "the relief sought in an action merely implicates an absent party's contract rights."  *Ward v. Apple Inc.*, 791 F.3d 1041, 1053 (9th Cir. 2015).

Defendants rely heavily on a line of inapposite cases involving joinder of unions to disputes between employers and employees, generally where discrimination was alleged to have occurred with respect to collectively bargained wage structures or promotion/seniority systems.  Dkt. 104-1, Defendants' Memorandum, at 8-9.  In many of those cases, the plaintiffs, unlike those here, sought relief potentially adverse to the absent party.  *See, e.g., Greer v. Pac. Gas & Elec. Co.*, No. 1:15-cv-01066-EPG, 2016 WL 2939148, at *3-4 (E.D. Cal. 2016) (desired corrections to union and employer's joint review of employee wage classifications required union participation, and union expressly claimed an interest in the case); *Gray v. Oncor Elec. Delivery Co., LLC*, No. 3:11-cv-00781-L, 2011 WL 6039629, at *2 (N.D. Tex. Nov. 30, 2011) (plaintiffs' wage discrimination claim against employer required joinder of union because plaintiffs' wages "cannot be changed unilaterally . . . without agreement by the Union"); *Adams v. Delta Air Lines, Inc.*, No. 96 Civ. 2871 (HB), 1997 WL 12803, at *1 (S.D.N.Y. Jan. 14, 1997) (union and its members implicated by plaintiffs' request for order directing their reinstatement "on the basis of entitlement to reinstatement *as determined by application of a non-discriminatory seniority system*") (emphasis added); *McCooe v. Town of Manchester*, 101 F.R.D. 339, 341 (D. Conn. 1984) ("proper adjudication of a discrimination claim against an employer has been held to merit joinder of plaintiff's union so as to assure that complete, final, and secure relief is accorded between or among the parties").  In others, the collectively bargained agreement itself was challenged as unlawful in some fashion.  *See, e.g., Ware v. City of Buffalo*, 186 F. Supp. 2d 324, 330 (W.D.N.Y. 2001) (union was required party where lawsuit sought to invalidate drug testing policy to which union was signatory);

Nat'l Org. of Women v. Minn. Mining & Mfg. Co.*, 73 F.R.D. 467, 470 (D. Minn. 1977) (union joined in gender discrimination class action where "job classification and seniority systems of which plaintiffs complain are defined by the collective bargaining agreements," and union could be liable for back pay if provisions were found to be discriminatory); *Hodgson v. Sch. Bd., New Kensington-Arnold Sch. Dist.*, 56 F.R.D. 393, 395 (W.D. Pa. 1972) (challenge to wage provision of CBA required joinder of union); *Reyes v. Mo.-Kan.-Tex. R.R. Co.*, 53 F.R.D. 293, 297 (D. Kan. 1971) (joinder of union required where CBA itself was alleged to violate federal law). In none of these cases did a court join a party to the collective bargaining agreement that (i) asserted no interest and (ii) disclaimed any agreement with the interpretation of the agreement alleged to be unlawful, as defendants ask the Court do here.

*Brum*, which defendants cite, is instructive. In *Brum*, the defendant employer sought to join the union as a necessary party to a gender discrimination case, arguing that the employees' claims were inextricably intertwined with the collective bargaining agreement such that a judgment in the plaintiffs' favor could adversely impact the union. The court denied the employer's motion on the ground that "Plaintiffs are seeking to enjoin Defendants from engaging in alleged discrimination that arises *from Defendants' conduct* and not from discriminatory provisions of the collective bargaining agreement." *Brum,* 2013 WL 2404844, at *13 (emphasis added). Such an injunction could be granted without issuing any order as to the union's conduct.

Similarly, plaintiffs have acknowledged that their antitrust allegations arise out of defendants' conduct, and not out of any provision of the PCLCD alleged to be unlawful. Any injunctive relief entered by the Court thus would have no adverse impact on PMA. Accordingly, complete relief can be accorded between the existing parties, and PMA is not a required party under Rule 19(a)(1)(A).

8

PACIFIC MARITIME ASSOCIATION'S OPPOSITION TO DEFENDANTS' MOTION FOR JOINDER
CASE NO.: 2:14-CV-05604-BRO-SS

### B. PMA Claims No Interest in This Dispute.

Rule 19(a)(1)(B) applies only where the party to be joined "*claims* an interest relating to the subject of the action . . . ." (emphasis added). Thus, it is immaterial whether the absent party may have an interest that it *could* claim; if the absent party does not actually claim it, joinder under Rule 19(a)(1)(B) is improper. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (joinder is "contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action") (emphasis added).

In *Northrop,* the Ninth Circuit held that the U.S. government was not a necessary party for Rule 19 purposes, noting that the government "has never asserted a formal interest in either the subject matter of this action or the action itself." *Id.* at 1043-1044. Similarly, in *United States v. Bowen,* 172 F.3d 682 (9th Cir. 1999), the Ninth Circuit relied on the absence of a claimed interest in upholding the denial of a motion for joinder under Rule 19(a)(1)(B): "Defendant contends that a claim of interest is not required. Our precedent declares otherwise." *Id.* at 689 (citing *Northrop*).

The court in *Bowen* further acknowledged that the absent party "was aware of this action and chose not to claim an interest. That being so, the district court did not err by holding that joinder was 'unnecessary.'" *Id.* at 689; *See also Ward,* 791 F.3d at 1048 (acknowledging initial requirement that absent party *claim* legally protected interest); *Thomas, Head & Greisen Employees Trust v. Buster,* 95 F.3d 1449, 1460 n.18 (9th Cir. 1996) (absent party not an "indispensable party" where it had not "claimed an interest" at time of default judgment); *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. CV 14-02496-BRO, 2015 WL 12655536, at *6 (C.D. Cal. Dec. 7, 2015) (O'Connell, J.) (denying joinder motion because absent party "has not claimed an interest in this action").

Similarly, PMA has asserted no interest in this action, formally or otherwise. To the contrary, PMA disclaims any such interest. Thus, PMA cannot be a "required party" under Rule 19(a)(1)(B).

### C. Joinder of PMA at this Juncture Would Be Prejudicial to PMA.

While Rule 19 does not provide a deadline by which required parties must be joined, the Ninth Circuit has recognized the importance of considering the "practical effects" of joinder. *Eldredge*, 662 F.2d at 537. Among those practical effects would be that PMA's defense against the allegations would be severely and unreasonably prejudiced.

Plaintiffs brought this action in July 2014. Yet defendants, who now claim PMA's participation is indispensable to the action, repeatedly moved for dismissal based on a defense equally applicable to PMA: the nonstatutory exemption to the antitrust laws. When defendants were unsuccessful, they proceeded to discovery and raised the exemption in two motions for summary judgment—again without PMA, to whom the exemption would be equally applicable. Only now, *after* this defense has been rejected without any input from PMA, do defendants seek to force PMA into the case—making the incredible claim that PMA's participation did not become "necessary and indispensable" until the Court had rejected the applicability of the exemption as presented by defendants at summary judgment. Dkt. 104-1 at 2.[2] If PMA truly were an indispensable party, it should have been joined in the first instance, so that it could have been heard as to the applicability of the exemption prior

---

[2] Defendants' other attempts to justify their delay in seeking to join PMA ring equally hollow. Defendants claim that the need to join PMA is triggered by (i) plaintiffs' recent briefs and (ii) the October 31, 2016 deadline to amend pleadings. Plaintiffs' opposition to this motion expressly disclaims any intent to challenge either the validity of the PCLCD or the structure of PMA, neither of which is challenged in the SAC itself. Dkt. 105 at 4. And the fact that plaintiffs were permitted to further amend the complaint as late as October 31, 2016, has no bearing on defendants' failure to seek joinder in a manner that would have given PMA a reasonable opportunity to defend itself in all phases of the litigation.

to the Court's disposition of defendants' motion to dismiss and for summary judgment.

Moreover, joinder of PMA is simply not feasible under the current schedule. This case is currently scheduled for trial in March 2017. If defendants' motion is granted, PMA anticipates that it would file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which likely could not be heard before February 2017. If PMA's motion to dismiss is denied, the pleadings would be set only weeks before trial and well after the close of discovery.

In order to prepare an adequate defense, PMA probably would need to reopen depositions that have been taken in its absence. PMA would also likely need to conduct discovery of its own, and retain one or more experts. After doing so, PMA might attempt to dispose of the allegations against it through a motion for summary judgment, as defendants were permitted to do. PMA obviously cannot be expected to take these actions prior to the scheduled March 2017 trial date, yet denying PMA the ability to do so would be unreasonably prejudicial. This factor should weigh heavily against joinder. *See, e.g.*, *Elohim EPF USA*, 2015 WL 12655536, at *4 ("[T]he Court emphasizes that this case is in the late stages of the litigation.").

## CONCLUSION

Defendants' decision to litigate this case for more than two years in PMA's absence demonstrates that complete relief can be accorded among the existing parties without PMA, and thus PMA is not a required party under Rule 19(a)(1)(A). PMA claims no interest in this litigation, and thus cannot be a required party under Rule 19(a)(1)(B). Moreover, being forced into the litigation at this late stage would unduly prejudice PMA.

For all of these reasons, PMA respectfully requests that defendants' motion to join it as a defendant be denied.

| | | |
|---|---|---|
| Dated: November 21, 2016 | Respectfully submitted, | |
| | COHEN & GRESSER LLP | |
| | By: /s/ Joanna K. Chan | |
| | Joanna K. Chan | |
| | *Attorneys for Non-Party Pacific Maritime Association* | |