DAVID A. ROSENFELD, Bar No. 058163
MONICA T. GUIZAR, Bar No. 202480
LISL R. SOTO, Bar No. 261875
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Boulevard, Suite 1320
Los Angeles, California 90017
Tel: 213-380-2344
Fax: 213-443-5098
E-Mail: drosenfeld@unioncounsel.net
mguizar@unioncounsel.net
lsoto@unioncounsel.net

RONALD C. GLADNEY, Bar No. 28160
PAUL C. HETTERMAN, Bar No. 27126
HARTNETT GLADNEY HETTERMAN, L.L.C.
4399 Laclede Avenue
St. Louis, Missouri 63108
Tel: 314-531-1054
Fax: 314-531-1131
E-Mail: rgladney@hghllc.net
phetterman@hghllc.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al., <br><br> Defendants. | No. 2:14-CV-05604 BRO (SS) <br><br> **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON THE MERITS OF PLAINTIFFS' ANTI-TRUST CLAIMS** <br><br> Date: December 19, 2016 <br> Time: 1:30 p.m. <br> Court: 7C |

Plaintiffs' Memorandum in Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-CV-05604 BRO (SS)

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................... 1

II.   ARGUMENT ........................................................................................... 2

IV.  CONCLUSION ....................................................................................... 4

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

i

Plaintiffs' Memorandum In Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-CV-05604 BRO (SS)

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*California ex rel. Harris v. Safeway, Inc.*
651 F.3d 1118 (9th Cir. 2011) .................................................................................. 2, 3

*Deutscher Dennis v. ATP Tour, Inc.*
610 F.3d 820 (3rd Cir. 2010) ..................................................................................... 3

*Klor's, Inc. v. Broadway-Hale Stores, Inc.*
359 U.S. 207 (1959) .................................................................................................. 2

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

ii
Plaintiffs' Memorandum In Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-CV-05604 BRO (SS)

## I. INTRODUCTION

Defendants have, in essence, filed a Motion to Continue the Trial Setting in order to allow Defendants to file a Motion for Summary Judgment as to the sufficiency of Plaintiffs' anti-trust claims.

On May 4, 2015, Defendants filed a Motion to Dismiss the Second Amended Complaint which this Court granted in part and denied in part on June 18, 2015. Defendants then filed their first Motion for Summary Judgment on July 6, 2015, which was denied on August 25, 2015. The Motion for Summary Judgment was based upon Defendants' affirmative defense of the non-statutory labor exemption. In its Order denying the Motion for Summary Judgment, the Court limited discovery to the issue of whether the non-statutory labor exemption applies, at the request of Defendants. [Dkt. 68 at 13].

Defendants then filed a Second Motion for Summary Judgment, again based upon the non-statutory labor exemption, on July 11, 2016, which was denied by this Court on September 12, 2016. This Court's Standing Order 8(c) precludes Defendants from filing another Motion for Summary Judgment without leave of Court. Defendants now seek such leave, claiming that Defendants should be permitted to file their third motion for summary judgment because: (1) the phased discovery schedule makes such a motion appropriate; (2) there are good reasons to believe that Plaintiffs' anti-trust claims will be resolved or at least substantially narrowed; and (3) such a motion is the most efficient route for resolving the case.

Plaintiffs disagree and respectfully request that this Court deny Defendants' Motion for Leave to File a Motion for Summary Judgment on the Merits of Plaintiffs' Anti-Trust Claims.

//

//

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1
Plaintiffs' Memorandum In Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-Cv-5604 Bro (Ss)
2:14-CV-05604 BRO (SS)

## II. ARGUMENT

Defendants cannot rely upon the fact that discovery has been conducted in stages as support for its Motion for leave to file a third motion for summary judgment because the initial stage of discovery was limited at the request of the Defendants. Defendants cannot request relief from this Court and then claim prejudice when the relief has been granted.

Contrary to the allegations of Defendants, there is no reason to believe that Plaintiffs' anti-trust claims will be resolved or substantially narrowed as a result of a third motion for summary judgment. Plaintiffs have produced their expert's report setting forth the basis of Plaintiffs' anti-trust claims. Defendants have not moved to strike the report as insufficient nor produced a contrary report from their own expert. In fact, Defendants have not yet deposed Plaintiffs' expert. Instead, defense counsel claims that she has reviewed the report of Plaintiffs' expert and, in her opinion, the report contains several deficiencies. Just as an expert is ordinarily required to prove a geographic or product market and injury to that market, an expert is also required to demonstrate the inadequacies of the alleged markets and lack of proof of injury to the market.

In any event, the establishment of a market and injury to same are only required if the Court applies a rule of reason analysis to the Plaintiffs' anti-trust claims. Such a market analysis is not required when the Court applies a *per se* or *quick look* analysis. *California ex rel. Harris v. Safeway, Inc.*, 651 F.3d 1118, 1132-1134 (9th Cir. 2011). Conspiracies which involve both horizontal and vertical agreements are properly evaluated as *per se* violations. *Klor's, Inc. v. Broadway-Hale Stores, Inc.*, 359 U.S. 207, 212-213 (1959). Both horizontal and vertical agreements are at issue here and, therefore, a *per se* analysis is appropriate.

And under the *quick look* analysis, competitive harm is presumed when an observer, with even a rudimentary understanding of economics, could conclude that

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

2
Plaintiffs' Memorandum In Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-CV-05604 BRO (SS)

the arrangements in question would have an anti-competitive effect on customers and markets unless the defendant has promulgated some competitive justification for the restraint. *California ex rel. Harris v. Safeway, Inc.*, 651 F.3d at 1134. If no legitimate justification is put forth, the presumption of adverse competitive impact prevails and the agreements are considered unlawful. *Deutscher Dennis v. ATP Tour, Inc.*, 610 F.3d 820, 829-830 (3rd Cir. 2010). Here, basic economic principles dictate that the elimination of competition will have an adverse effect upon consumers and markets and Defendants have not asserted any pro-competitive justification for its restrictive subcontracting provisions. In their Motion, Defendants have not set forth any argument as to why the agreements at issue here should not be subjected to a *per se* or *quick look* analysis as opposed to a rule of reason analysis.[1]

With respect to Plaintiffs' claim of attempted monopolization, Plaintiffs are not claiming a "shared" monopoly. In answer to Special Interrogatory No. 11 inquiring as to the identity of the attempted monopolist, Plaintiffs stated that the attempted monopolist is Defendant ILWU, a single entity. While Plaintiffs stated that other entities are providing assistance to the ILWU, the goal or purpose of these agreements and assistance is to bestow upon the ILWU, a single entity, monopoly power.

There is nothing in Defendants' Motion which suggests that its third motion for summary judgment will move this litigation any closer to a resolution. Rather, the parties will be spending time and effort addressing another motion for summary judgment rather than preparing this case for trial and/or attempting to settle same.

//

//

---

[1] Even under a rule of reason analysis, these agreements are unlawful in that they foreclose competition in a substantial part of the relevant market.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

3
Plaintiffs' Memorandum In Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-CV-05604 BRO (SS)

### III. CONCLUSION

WHEREFORE, Plaintiffs request that this Court deny Defendants' Motion for Leave to File a Motion for Summary Judgment on the Merits of Plaintiffs' Anti-Trust Claims.

Dated: November 28, 2016

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN

By: */s/ PAUL C. HETTERMAN*
RONALD C. GLADNEY, No. 28160MO
PAUL C. HETTERMAN, No. 27126MO

Attorneys for Plaintiffs

135270\891759

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

4

Plaintiffs' Memorandum In Opposition To Defendants' Motion For Leave To File A Motion For Summary Judgment On The Merits Of Plaintiffs' Anti-Trust Claims
Case No. 2:14-CV-05604 BRO (SS)