DAVID A. ROSENFELD, Bar No. 058163
MONICA T. GUIZAR, Bar No. 202480
LISL R. SOTO, Bar No. 261875
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
Telephone  (213) 380-2344
Fax  (213) 443-5098
E-Mail:     drosenfeld@unioncounsel.net
            mguizar@unioncounsel.net
            lsoto@unioncounsel.net

RONALD C. GLADNEY, Bar No. 28160
PAUL C. HETTERMAN, Bar No. 27126
HARTNETT GLADNEY HETTERMAN, L.L.C.
4399 Laclede Avenue
St. Louis, Missouri 63108
Tel:  314-531-1054
Fax:  314-531-1131
E-Mail:     rgladney@hghllc.net
            phetterman@hghllc.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al.,<br><br>　　　　　　　　Defendants. | No.  2:14-CV-05604 BRO (SS)<br><br>Hon. Beverly Reid O'Connell<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**<br><br>Date:  December 13, 2016<br>Time:  10:00 a.m.<br>Dept.:  590 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................... 1

II. ARGUMENT ........................................................................................... 4

IV. CONCLUSION ....................................................................................... 5

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

i

Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel
Case No. 2:14-CV-05604 BRO (SS)

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Cataldi v Siracusano*
WL 870222, (D. Nevada, 2012) .................................................................................. 3

*E.E.O.C. v. California Psychiatric Transitions*
258 F.R.D 391 (E.D. Cal 2009) ................................................................................... 3

*Premium Serv. Corp. v. Sperry & Hutchinson Co.*
511 F.2d 225 (9th Cir. 1975) ................................................................................. 3, 5

*Shoen v. Shoen*
5 F.3d 1289 (9th Cir. 1993) ......................................................................................... 3

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

ii
Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel
Case No. 2:14-CV-05604 BRO (SS)

## I. INTRODUCTION

This is a motion brought by Defendants, International Longshore and Warehouse Union, et al., to compel the production of a broad array of Plaintiffs' financial documents in the above matter. Specifically, Defendants requested:

a. All DOCUMENTS CONCERNING PLAINTIFFs' costs of doing business, including, but not limited to, any and all contracts, ledgers, balance sheets, income statements, invoices, correspondence, and audited documents reflecting PLAINTIFFs' labor costs, operating costs, equipment maintenance costs, rental costs, lease costs.

b. All DOCUMENTS CONCERNING PLAINTIFFs' income earned or derived from any source, including but not limited to, any and all correspondence, and audited documents reflecting any work PLAINTIFFs performed or income PLAINTIFFs received from January 1, 2007 to the present.

c. All DOCUMENTS CONCERNING any and all bids or other proposals PLAINTIFFs' made for work at any time from January 1, 2007 to the present.

d. All DOCUMENTS CONCERNING PLAINTIFFs' business, income, and expense projections and budgets PLAINTIFF's produced, obtained, drafted, or circulated from January 1, 2007 to the present.

e. All DOCUMENTS CONCERNING financial statements with costs and expenses for each of PLAINTIFFs' product lines, including but not limited to PLAINTIFFs' West Coast waterfront work.

To date, Plaintiffs have either provided or agreed to provide their tax returns and documents that relate to their claims for lost profits. The documents requested in Defendants' Motion to Compel are overbroad and unnecessary. Complying with those requests would require Plaintiffs to produce countless pages of documents at a great cost of time and money.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1
Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel
Case No.  2:14-CV-05604 BRO (SS)

## II. LEGAL STANDARD

Generally, documents are discoverable if they are reasonably calculated to lead to admissible evidence. <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1299–300 (9th Cir. 1993). However, as far as financial documents are concerned, the rules of what is discoverable are more narrow. Courts have refused to extend discovery to a sweeping request for documents, covering every paper that an entity possesses. <u>See generally</u>, <u>Premium Serv. Corp. v. Sperry & Hutchinson Co</u>., 511 F.2d 225, 229 (9th Cir. 1975), <u>E.E.O.C. v. California Psychiatric Transitions</u>, 258 F.R.D 391 (E.D. Cal. 2009). Instead, courts apply a balancing test that weighs one party's interest in determining the financial status of their opponent against the opposing party's privacy interest in their financial documents. <u>E.E.O.C.</u>, 258 F.R.D. 391 at 395.

In cases involving a request for financial documents, there is well established precedent for courts to modify the document request to only cover that which is reasonable. <u>Cataldi v Siracusano</u>, WL 870222, (D. Nevada, 2012), <u>E.E.O.C.</u>, 258 F.R.D 391 (E.D. Cal 2009). In *Cataldi*, the court limited the financial document discovery and said, "An accurate snapshot of Defendant's financial condition can be obtained without requiring Defendant to produce all the requested documents." <u>Cataldi,</u> WL 870222 at 3.

*E.E.O.C. v. California Psychiatric Transitions* provides an example of a court limiting financial document discovery. In that case, Plaintiff requested:

  a. Balance Sheets for the years 2002 through the present
  b. Statements of Income for the years 2002 through the present
  c. Federal Tax Returns for the years 2002 through the present
  d. Profit and Loss Statements for the years 2002 through the present
  e. Statement of Cash Flow for the years 2002 through the present
  f. Schedules of General Administrative Expenses for the years 2002 through the present.

<u>E.E.O.C</u>., 258 F.R.D. 391 at 393.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

2

Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel
Case No.  2:14-CV-05604 BRO (SS)

The court determined that the request for financial documents was overly broad. *Id.* at 394. In granting only a limited amount of financial document discovery the court said:

> The requested time period and the types of documents imposed are excessive as Plaintiff can obtain a picture of Defendant's financial condition adequately without all of the requested information. As such, Defendant shall only be required to produce balance sheets, statements of income, and statements of cash flow for the years 2007, 2008, and any available information through 2009. As noted above, this information shall be protected pursuant to a protective order agreed upon by the parties.

*Id.* at 395.

It is not uncommon for courts to limit financial document discovery. If the documents provided are inadequate, the requesting party can obtain additional documents by filing a subsequent request.

### III.   ARGUMENT

The tax records and disclosures that Plaintiffs have already made relating to lost profits are more than sufficient for Defendants to prepare their case. The wide ranging financial document discovery sought by the Defendants is overbroad according to the precedent applied throughout this Court. There has been no showing by Defendants that the information provided by Plaintiffs is inadequate. If Defendants require additional information, they can file a more specific request detailing exactly what information they need. As it stands, Defendants are requesting virtually every document from every major and minor transaction that involved the Plaintiffs. Such an exhaustive financial document request is clearly the "sweeping in nature", "covering every paper touching on any relationship" type

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

3

Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel
Case No.  2:14-CV-05604 BRO (SS)

of request that the court rejected in *Premium Services Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).

In addition, Defendants have requested all documents concerning any bids or other proposals Plaintiffs have made for work at any time from January 1, 2007 to the present. This request is not limited to bids relating to the relevant work. Both of the Plaintiffs are engaged in businesses involving work other than the relevant work and bids pertaining to work involving those other businesses are clearly not relevant to any claim or defense in this action. For that reason, this request should be limited to bids Plaintiffs have made for projects involving the relevant work.

### IV.  CONCLUSION

Therefore, Plaintiffs respectfully request that this Court deny Defendants' Motion to Compel Production of Documents.

Respectfully submitted,

Dated: November 28, 2016           HARTNETT GLADNEY HETTERMAN

By:   /s/ *PAUL C. HETTERMAN*
      RONALD C. GLADNEY, No. 28160MO
      PAUL C. HETTERMAN, No. 27126MO

Attorneys for Plaintiffs

135270\891725

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

4

Plaintiffs' Memorandum In Opposition To Defendants' Motion To Compel
Case No.  2:14-CV-05604 BRO (SS)