**Robert S. Remar** (SBN 100124)
*rremar@leonardcarder.com*
**Eleanor Morton** (SBN 220407)
*emorton@leonardcarder.com*
**Lindsay R. Nicholas** (SBN 273063)
*lnicholas@leonardcarder.com*
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400 / Fax: (415) 771-7010

*Attorneys for Defendants* ILWU AND ITS LOCALS 8, 10 AND 19

**Steve Holguin** (SBN 115768)
*sholguin@hgmq.org*
**Gillian B. Goldberg** (SBN 245662)
*ggoldberg@hgmq.org*
**Michael Plank** (SBN 290943)
*mplank@hgmq.org*
HOLGUIN, GARFIELD, MARTINEZ & QUIÑONEZ, APLC
800 West 6th Street, Suite 950
Los Angeles, CA 90017
Tel: (213) 623-0170 / Fax: (213) 623-0171

*Attorneys for Defendant* ILWU LOCAL 13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al.,<br><br>Defendants. | Case No. 2:14-cv-05604-BRO-SS<br>Hon. Beverly Reid O'Connell<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[FRCP Rule 37]<br><br>Date: Dec. 13, 2016<br>Time: 10:00 am<br>Court: 590 |

Plaintiffs have failed to establish that Defendants should be denied discovery of Plaintiffs' financial and business records. The documents are relevant to establishing whether Defendants' actions have damaged Plaintiffs businesses, as Plaintiffs allege, and in what amounts, if any. The unrebutted declaration of forensic accountant Vanessa J. Hill (Dkt. 109-1 at 64-68), and the legal authorities cited in the Joint Stipulation (Dkt. 110 at 6-10), show that these are the sort of documents routinely relied upon in cases such as this one alleging antitrust violations and seeking lost profits. Defendants' motion to compel production should be granted.

### A. To Date, Plaintiffs Have Produced None of the Documents Requested Other Than Tax Returns, Which Are Insufficient By Themselves.

Plaintiffs state that they have "provided or agreed to provide their tax returns and documents that relate to their claim for lost profits." Dkt. No. 115 at 4. In fact, to date, Plaintiffs have produced *no documents* responsive to the requests at issue in this motion other than their tax returns. By themselves, the tax returns are insufficient to understand and test the bases for Plaintiffs' claims that they lost work that they had previously performed because of the alleged actions of Defendants and that they suffered damages.

### B. Plaintiffs' Agreement to Produce Their Chosen Documents at an Unspecified Time is Insufficient.

Plaintiffs' "agree[ment]" to, at some unknown date, produce "documents that relate to their claim for lost profits" is insufficient. Dkt. No. 115 at 4.

First, ILWU served these document requests more than two months ago and discovery is now just over one month from closing. Plaintiffs' delay has already prejudiced Defendants.

Second, the documents that Plaintiffs deem "relate[d] to their claim for lost profits" are not sufficient to allow Defendants to conduct the basic forensic accounting necessary to understand and test Plaintiffs' profits calculations.

ILWU's requests properly seek not only the documents on which Plaintiffs *choose* to rely to calculate their alleged lost profits, but the documents Plaintiffs choose *not* to rely on, which might suggest a different result. *See* Jt. Stip. at 6-7 (Dkt. 110); Decl. of Vanessa J. Hill ¶7 (Dkt. 109-1 at 66-67).

Third, Plaintiffs ignore that ILWU's requests relate to more than the calculation of lost profits. Plaintiffs' complete financial records pre- and post-2008 are relevant to the merits and mitigation. The documents may tend to show, for example, whether Plaintiffs actually performed less "relevant work" after 2008, whether Plaintiffs' businesses suffered, whether any losses were properly attributable to Defendants, whether Plaintiffs reasonably could have performed the work they claim to have lost and whether Plaintiffs found and performed other work to mitigate their alleged losses. *See* Jt. Stip. at 8-9 (Dkt. No. 110).

The fact that Plaintiffs' businesses "include other types of steel work and construction" (Dkt. No. 110 at 11) reveals the importance of producing all records sought. Documents reflecting investments or financial losses or gains in one aspect of the businesses may tend to support or undermine Plaintiffs' claim to losses in another allegedly caused by Defendants. *Id.* at 8-9; *see, e.g., Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1221 (9th Cir. 1997) (analyzing plaintiff's revenues in aspects of business not touched by alleged antitrust violation to aid in determining damages for antitrust violation).

### C. Plaintiffs Ignore Defendants' Authorities and Cite Cases That are Easily Distinguishable.

Plaintiffs ignore without comment the multiple cases cited in the Joint Stipulation addressing antitrust claims and claims for lost profits where courts ordered production of precisely the types of documents Defendants seek here. Dkt. 110 at 9-10.

The cases on which Plaintiffs rely are inapposite. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 227 (9th Cir. 1975) addressed a broadly-

worded subpoena duces tecum. *Id.* (seeking documents "'relating 'in any way, to any dealing, transaction, agreement or understanding' between the parties"). The district court did not abuse its discretion in quashing the subpoena because the subpoenaed individual and his company "were not parties to the suit." *Id.* at 229. Production in response to the "sweeping [requests] covering every paper touching on any relationship between" the entities would require "extensive sifting and analysis" by non-parties to the case which outweighed the benefit to the party. *Id.* Here, ILWU seeks documents from Plaintiffs themselves and production requires little to no sifting or analysis because Defendants identify types of documents by name and seek them in their raw, complete form. *E.g.*, Requests Nos. 3 and 4 to Surf City/ Nos. 4 and 5 to Sarens (seeking "all contracts, ledgers, balance sheets, income statements, invoices, correspondence, and audited documents" for the relevant time period); Requests No. 5 to Surf City/ No. 6 to Sarens (seeking "…all bids or other proposals YOU made for work….").

*E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009) and *Cataldi v. Siracusano*, No. 2:10-CV-02208-PMP, 2012 WL 870222, at *1 (D. Nev. Mar. 14, 2012) addressed claims for punitive damages where the relevant question was merely the defendants' financial worth rather than claims of lost work or profits. Even still, the courts ordered production of more records than Plaintiffs here have produced to date. *California Psychiatric Transitions*, 258 F.R.D. at 395 (ordering production of balance sheets, income statements, profit and loss statements, etc.); *Cataldi*, 2012 WL 870222, at *1 (ordering production of a "balance sheet or net worth statement" and tax returns).

**D. Conclusion**

Defendants' motion to compel should be granted and Plaintiffs should be ordered to produce all responsive documents within five (5) days of the date of this order.

Respectfully submitted,

Dated: November 29, 2016                LEONARD CARDER, LLP

By:     /s/
Robert S. Remar
Eleanor Morton
Lindsay R. Nicholas

*Attorneys for Defendants*
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION AND ITS LOCALS 8, 10 AND 19

Dated: November 29, 2016                HOLGUIN, GARFIELD, MARTINEZ & QUIÑONEZ, APLC

By:     /s/
Steve Holguin
Gillian B. Goldberg
Michael Plank

*Attorneys for Defendant*
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION LOCAL 13

## **FILER'S ATTESTATION PURSUANT TO LOCAL RULE 5-4(a)(2)**

I, Eleanor Morton, attest that concurrence in the filing of this document has been obtained from the signatories Steve Holguin, Gillian Goldberg, and Michael Plank.

Dated: November 29, 2016                LEONARD CARDER, LLP

By:     /s/
Eleanor Morton