1  Robert S. Remar (SBN 100124)
2  *rremar@leonardcarder.com*
   Eleanor Morton (SBN 220407)
3  *emorton@leonardcarder.com*
   Lindsay R. Nicholas (SBN 273063)
4  *lnicholas@leonardcarder.com*
   LEONARD CARDER, LLP
5  1188 Franklin Street, Suite 201
   San Francisco, CA 94109
6  Tel: (415) 771-6400 / Fax: (415) 771-7010
7
8  *Attorneys for Defendants* ILWU AND ITS LOCALS 8, 10 AND 19

9  Steve Holguin (SBN 115768)
   *sholguin@hgmglaw.com*
10 Gillian B. Goldberg (SBN 245662)
   *ggoldberg@ hgmglaw.com*
11 Michael Plank (SBN 290943)
   *mplank@ hgmglaw.com*
12 HOLGUIN, GARFIELD,
   MARTINEZ & GOLDBERG, APLC
13 800 West 6th Street, Suite 950
14 Los Angeles, CA  90017
   Tel: (213) 623-0170 / Fax: (213) 623-0171
15
16 *Attorneys for Defendant* ILWU LOCAL 13
17

18           UNITED STATES DISTRICT COURT
19          CENTRAL DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| SURF CITY STEEL, INC., et al. | Case No. 2:14-cv-05604-BRO-SS |
| Plaintiffs, | Hon. Beverly Reid O'Connell |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT ON THE MERITS OF PLAINTIFFS' REMAINING ANTITRUST CLAIMS** |
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al. | [L.R. 7-19] |
| | Date: Dec. 19, 2016 |
| | Time: 1:30 pm |
| | Court: 7C |

In opposition to Defendants' Motion for Leave to File a Motion for Summary Judgment, Plaintiffs offer no legitimate reason why Defendants' request should be denied. Essentially, Plaintiffs say that Defendants should not be permitted to move for summary judgment because Defendants are wrong about the merits of the claims. But Plaintiffs' legal justifications for their positions show the value of the summary judgment motion Defendants propose.

Plaintiffs also offer no reason why the trial in this case should not be continued an appropriate amount to permit a summary judgment motion to be heard before substantial pretrial work begins. Nor do Plaintiffs acknowledge that the length of the delay is in part caused by Plaintiffs' asserted unavailability. *See* Decl. of Eleanor Morton, Dkt. No. 112-2, Exh. D.

For the reasons set forth below and in Defendants' opening brief, Defendants' Motion for Leave to File a Motion for Summary Judgment should be granted.

**A.   Plaintiffs' Argument for a *Per Se* or "Quick Look" Analysis Supports Granting Defendants Leave to File a New Summary Judgment Motion.**

Plaintiffs argue that Defendants cannot obtain summary judgment based on Plaintiffs' failure to establish a relevant market or injury because this case should be resolved using a *per se* or "quick look" analysis, under which such proof is unnecessary. Defs. Opp., Dkt. No. 114 at 5-6. That Plaintiffs disagree with Defendants' positions on the merits of these issues does not suggest that the Court should deny Defendants the ability to file a motion on any issues. Indeed, Plaintiffs' argument proves that further pretrial rulings are needed.

A motion for summary judgment would allow the Court to consider on a full record whether this is the rare case that can be resolved under a *per se* or "quick look" method of analysis, as Plaintiffs claim, or whether this is among the vast majority of cases that must be analyzed under the default "rule of reason." *E.g., Metro Indus., Inc. v. Sammi Corp.*, 82 F.3d 839, 843-44 (9th Cir. 1996)

1   (explaining various methods of analysis of antitrust claims and that "rule of
2   reason" is the ordinary method) (citing *Business Elecs. Corp. v. Sharp Elecs.*
3   *Corp.*, 485 U.S. 717, 723 (1988)).

4          In antitrust cases, the method of analysis is a question routinely resolved in
5   pre-trial motions for summary judgment. *Texaco Inc. v. Dagher*, 547 U.S. 1, 8
6   (2006) (*per se* method inapplicable); *Nw. Wholesale Stationers, Inc. v. Pac.*
7   *Stationery & Printing Co.*, 472 U.S. 284, 298 (1985) (same); *California ex rel.*
8   *Harris v. Safeway, Inc.*, 651 F.3d 1118, 1124 (9th Cir. 2011) (*en banc*) (cited by
9   Plaintiffs and finding *per se* and "quick look" analyses inapplicable); *Metro*
10  *Indus., Inc.*, 82 F.3d at 843-44 ("*per se*" method inapplicable). This is because
11  determining the method of analysis determines the issues to be tried and
12  frequently resolves the case. *E.g., N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 4
13  (1958) (summary judgment for plaintiff where restraint was *per se* violation);
14  *Safeway*, 651 F.3d at 1124 (determination that neither *per se* nor "quick look"
15  applied led plaintiff to stipulate to entry of judgment).

16         Plaintiffs rely on *Safeway*, but it supports Defendants' position. In
17  *Safeway,* just as in this case, the defendants moved for summary judgment on the
18  non-statutory labor exemption, which was denied. The court then considered and
19  resolved the case on a subsequent round of summary judgment briefing, initiated
20  by plaintiff, on whether the challenged agreement was a *per se* violation or
21  required a "quick look" analysis. *Id.*

22         Indeed, if a *per se* or "quick look" analysis applied here, thereby obviating
23  the need for a substantial amount of discovery and entitling Plaintiffs to judgment,
24  one would have expected *Plaintiffs* to have filed a timely dispositive motion
25  making that argument. That Plaintiffs have not filed such a motion suggests that
26  Plaintiffs themselves recognize that this is a "rule of reason" case, and thus the
27  absence of evidence on the key issues of market or injury is fatal. *See* Defs. Mem.
28

in Support of Mot. for Leave, Dkt. 112-1, at 5 (explaining plaintiffs' burden on these issues).

For purposes of the instant motion, however, it does not matter whether Plaintiffs or Defendants are right about the method of analysis or merits of the claims. Either way, the dispute between the parties shows that the litigation would be materially advanced by allowing these issues to be briefed and ruled on in a further summary judgment motion.

Plaintiffs attempt to cast aspersions on Defendants' assessment of the merits by claiming that Defendants have not yet moved to strike Plaintiffs' expert report or produced a rebuttal report. (Dkt. 114 at 2). But Defendants' deadline to move to strike Plaintiffs' expert report has not yet passed and, on November 30, 2016, Defendants served a timely expert rebuttal report. Should this Court grant the instant motion, Defendants anticipate filing a timely motion to strike concurrent with Defendants' motion for summary judgment. Moreover, Plaintiffs' expert report is only one piece of the evidence on which Defendants anticipate relying in their dispositive motion to show that no reasonable jury could find an antitrust violation.

**B.  Plaintiffs' Attempt to Retreat from Their Interrogatory Responses Identifying Multiple Attempted "Monopolists" Reveals the Value of Further Briefing.**

Plaintiffs also claim that Defendants should not be permitted to move for summary judgment because Plaintiffs are not claiming a "shared" monopoly, despite their interrogatory responses identifying multiple alleged monopolists. Once again, Plaintiffs' position on this one issue is no reason to deny Defendants the ability to bring a motion on any issues. In any event, Plaintiffs' interrogatory response speaks for itself. And, Plaintiffs' new stated theory that ILWU is the single monopolist (Dkt. 114 at 6) raises new and independent issues for summary judgment, such as whether, as a matter of law, a labor union can "monopolize" a

1    product market and, even if so, whether a reasonable jury could find that the

2    ILWU has attempted to monopolize the product market alleged in this case.

3    These issues can and should be resolved on a dispositive motion before trial.

4    **C.      Conclusion**

5           Defendants respectfully request that their motion be granted.

6

7                                            Respectfully submitted,

8    Dated: December 5, 2016               LEONARD CARDER, LLP

9
                                    By:    _____/s/_____
10
                                           Robert S. Remar
11                                         Eleanor Morton
                                           Lindsay R. Nicholas
12

13                                         *Attorneys for Defendants*
                                           INTERNATIONAL LONGSHORE AND
14                                         WAREHOUSE UNION AND ITS
15                                         LOCALS 8, 10 AND 19

16

17   Dated: December 5, 2016               HOLGUIN, GARFIELD, MARTINEZ
18                                            & GOLDBERG, APLC

19                                  By:    _____/s/_____
20                                         Steve Holguin
21                                         Gillian B. Goldberg
                                           Michael Plank
22

23                                         *Attorneys for Defendant*
                                           INTERNATIONAL LONGSHORE AND
24                                         WAREHOUSE UNION LOCAL 13

25

26

27

28