**Robert S. Remar** (SBN 100124)
*rremar@leonardcarder.com*
**Eleanor Morton** (SBN 220407)
*emorton@leonardcarder.com*
**Lindsay R. Nicholas** (SBN 273063)
*lnicholas@leonardcarder.com*
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400 / Fax: (415) 771-7010

*Attorneys for Defendants* ILWU AND ITS LOCALS 8, 10 AND 19

**Steve Holguin** (SBN 115768)
*sholguin@hgmq.org*
**Gillian B. Goldberg** (SBN 245662)
*ggoldberg@hgmq.org*
**Michael Plank** (SBN 290943)
*mplank@hgmq.org*
HOLGUIN, GARFIELD,
MARTINEZ & QUIÑONEZ, APLC
800 West 6th Street, Suite 950
Los Angeles, CA  90017
Tel: (213) 623-0170 / Fax: (213) 623-0171

*Attorneys for Defendant*  ILWU LOCAL 13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURF CITY STEEL, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al.,<br><br>Defendants. | Case No. 2:14-cv-05604-BRO-SS<br>Hon. Beverly Reid O'Connell<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO JOIN PACIFIC MARITIME ASSOCIATION AS A NECESSARY PARTY OR, ALTERNATIVELY TO DISMISS**<br><br>[FRCP Rules 19(a)(1) and 12(b)(7)]<br><br>Date:   Dec. 19, 2016<br>Time:   1:30p.m.<br>Court:  7C – 7th Floor |

# TABLE OF CONTENTS

A.   Plaintiffs Cannot Avoid Joinder By Retreating from Their Allegations
     in the SAC. ....................................................................................................2

    1.   The plain language of the SAC challenges not only Defendants'
          unilateral efforts to enforce the PCLCD, as Plaintiffs argue,
          but the language of the PCLCD itself and its application....................2

    2.   PMA is a necessary party to claims challenging
          arbitration decisions under the PCLCD because PMA is a
          party to those decisions. ........................................................................4

B.   Under Rule 19(a)(1)(B), PMA Effectively "Claims an Interest Relating to
     the Subject Matter of This Action" When the SAC is Properly Construed....5

C.   Even if the Court Were to Find that PMA Does Not "Claim" an Interest
     Relating to the Subject Matter of the Action, Joinder Is Required Because
     PMA Remains A Necessary Party Under Rule 19(a)(1)(A). .........................6

D.   If Plaintiffs Wish to Alter Their Claims, They Should Be Required to Seek
     Leave to Amend Their Complaint or the Court Should Strike the
     Inconsistent Allegations. .............................................................................8

E.   Defendants' Motion was Timely Filed and Any Prejudice to PMA Can Be
     Alleviated By Allowing Additional Time for Supplemental Discovery and a
     Continuance of the Trial................................................................................8

Plaintiffs, Defendants and Pacific Maritime Association (PMA) agree that PMA is a party to the Pacific Coast Longshore Contract Document (PCLCD), the collective bargaining agreement that PMA bargains and administers with Defendant International Longshore and Warehouse Union (ILWU). Plaintiffs, Defendants and PMA also implicitly agree that, as a matter of law, all parties to a contract are "required" in an action that challenges or seeks to set aside the contract's language. To try to avoid PMA's joinder in light of these undeniable truths, Plaintiffs attempt to rewrite their claims. Specifically, Plaintiffs say they are "not challenging the language of the PCLCD itself, but rather the Defendants' interpretation of the same as pursued through the grievance and arbitration process." *E.g.,* Pltfs. Mem., Dkt. No. 105, at 7. PMA latches onto these rewrites premising virtually its entire argument on Plaintiffs' new theory.

Plaintiffs' and PMA's arguments fail. First, the plain language of the Second Amended Complaint (SAC) challenges not only the unilateral actions of Defendants, but the language of the PCLCD "as written and applied." Plaintiffs cannot avoid joinder by ignoring the plain language of their pleading. Second, Plaintiffs' insistence that they are merely trying to undo arbitration decisions Defendants won under the PCLCD supplies another rationale for PMA's joinder. PMA is a necessary party to those decisions too.

Plaintiffs and PMA make much of the fact that PMA has not voluntarily chosen to join this action. This fact does not determine whether PMA "claims an interest relating to the subject matter of the action" under the test in Rule 19(a)(1)(B), once the SAC is properly construed. And the fact that PMA has not chosen to join the action or expressly "claimed" an interest is irrelevant to the analysis under Rule 19(a)(1)(A), which supplies an independent basis for compulsory joinder.

For the reasons set forth herein and in Defendants' opening brief, Defendants' motion should be granted. Either PMA should be joined as a Defendant under Rule 19 or the action should be dismissed under Rule 12(b)(7).

**A.** **Plaintiffs Cannot Avoid Joinder By Retreating from Their Allegations in the SAC.**

> **1.** **The plain language of the SAC challenges not only Defendants' unilateral efforts to enforce the PCLCD, as Plaintiffs argue, but the language of the PCLCD itself and its application.**

Plaintiffs' and PMA's arguments ignore the plain language of the SAC, which is <u>not</u> limited to challenging only the unilateral actions of Defendants in attempting to enforce the PCLCD. The SAC quotes the PCLCD and says that Plaintiffs challenge the quoted provisions both "as written <u>and</u> applied." *E.g.*, SAC, Dkt. No. 47, ¶¶38, 42, 45, 57 (emphasis added); *see also id.* ¶90 ("The aforesaid provisions of the PCLCD <u>and</u> enforcement actions of Defendants constitute violations of Section 1 and 2 of the Sherman Act.") (emphasis added).

Particularly construing the SAC broadly, as required by the Federal Rules, Plaintiffs' prayers for relief seek to enjoin application of the PCLCD language to the work Plaintiffs' claim. For example:

> Plaintiffs pray for an order of this Court finding that the conduct of Defendants as described herein violates the Sherman Act and Clayton Act as described above, in that said conduct restrains trade and attempts to monopolize the relevant work in the relevant market area…; and further declaring such conduct should cease and desist immediately; and for a further order prohibiting Defendants from engaging in said conduct … and for such other relief as is deemed appropriate in the premises.

SAC p.28 (emphasis added); *see also id.* ¶108 (alleging that Plaintiffs "have been damaged through the acts and restraints of trade and attempts to monopolize

engaged in herein" and seek "injunctive relief."). Certainly, nothing in Plaintiffs' broadly-worded prayers for relief suggests that the requested remedies are in fact narrower than the preceding 20-plus pages of allegations.

Plaintiffs' recent responses to Defendants' special interrogatories similarly reveal a broader scope to Plaintiffs' claims than what they argue in their opposition to this motion. When asked to identify entities that Plaintiffs contend are "restraining or conspiring to restrain trade," Plaintiffs identified:

> Defendant ILWU, with assistance from its co-Defendants <u>and PMA members … who have agreed to restrict 'open' competition</u> for relevant work in the relevant market area.

*See* Dkt. No. 112-2 at 11 (Special Interrogs. and Resp. 11 and 12) (emphasis added). Thus, according to their discovery responses, Plaintiffs challenge not only the actions of ILWU and its locals, but their "agree[ment]" with "PMA members" over who is assigned certain work.

To be sure, in crafting the SAC, Plaintiffs could have challenged only the actions of Defendants in attempting to enforce the PCLCD without challenging the PCLCD provisions "as written and applied." While Defendants offer no position at this time about whether such allegations would state a claim as a matter of law,[1] it is clear that this narrow claim is not what Plaintiffs chose to allege.

---

[1] It appears that Plaintiffs may have chosen to challenge PCLCD provisions because unilateral actions by a union seeking to obtain work for its members fall under the statutory exemption to antitrust law. *E.g.*, *U.S. v. Hutcheson*, 312 U.S. 219, 232 (1941); *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 805 (9th Cir. 1994); *ILWU v. ICTSI Oregon, Inc.*, 15 F. Supp. 3d 1075, 1089 (D. Or. 2014) (dismissing under the statutory exemption antitrust claims challenging ILWU's "work stoppages, slowdowns, and filing grievances" attempting to secure work). "The statutory exemption is not an affirmative defense; it's an element of any claim that unions violated the antitrust laws. Plaintiff bears the burden of proof." *USS-POSCO Indus.*, 31 F.3d at 805. Plaintiffs cannot have it both ways.

### 2.   PMA is a necessary party to claims challenging arbitration decisions under the PCLCD because PMA is a party to those decisions.

Plaintiffs say that PMA and ILWU disagree over interpretation of the PCLCD. Thus, according to Plaintiffs, PMA is not a necessary party because judgment against Defendants would "simply [mean that Defendants would] lose the benefits provided by the favorable arbitration rulings…." Pltfs. Mem., Dkt. No. 105, at 14. Plaintiffs misunderstand the law.

PMA is still a necessary party because PMA is undisputedly a party to the challenged arbitration rulings under the PCLCD. Indeed, there is no material difference between an action to enjoin an interpretation of provisions of a collective bargaining agreement successfully enforced at arbitration and an action to enjoin provisions of the collective bargaining agreement itself. This is because, as a matter of law, a collective bargaining agreement means what the arbitrator says it means. *E.g., United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960) ("the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for…."); *Local Union 1395, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 797 F.2d 1027, 1035 n.8 (D.C. Cir. 1986) ("parties to collective bargaining agreements bargain for the arbitrator's interpretation of the agreement"). In the collective bargaining context,

> The arbitrator … serves a function somewhat different from that served by the arbitrator in the commercial context. He does not merely provide an alternative means of resolving disputes, nor is he chosen simply for his expertise in a specific field or his ability to give definitive answers with greater efficiency and speed than the courts. Unlike the commercial contract, which is designed to be a comprehensive distillation of the parties' bargain, the collective bargaining agreement is a skeletal, interstitial document. The labor

arbitrator is the person the parties designate to fill in the gaps; for the vast array of circumstances they have not considered or reduced to writing, the arbitrator will state the parties' bargain. He is the parties' officially designated "reader" of the contract ... their joint alter ego for the purpose of striking whatever supplementary bargain is necessary to handle matters omitted from the agreement…. [I]n the absence of fraud or an overreaching of authority on the part of the arbitrator, he is speaking for the parties, and his award *is* their contract."

*Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1205–06 (9th Cir. 1989) (citation and quotations omitted).[2]  Thus, arbitration decisions under the PCLCD are themselves a part of the PCLCD.  Just as PMA is a necessary party to a lawsuit challenging the language of the PCLCD, so too PMA is a necessary party to Plaintiffs' claims challenging or seeking to enjoin arbitrators' interpretations of the PCLCD.  *E.g.,* Defs. Mem., Dkt. No. 104-1, at 11-14 (collecting cases showing that both parties to a CBA are necessary parties to an action challenging its terms).

**B.**    **Under Rule 19(a)(1)(B), PMA Effectively "Claims an Interest Relating to the Subject Matter of This Action" When the SAC is Properly Construed.**

Plaintiffs and PMA argue that PMA is not a necessary party Rule 19(a)(1)(B) because it has chosen not to "claim" an interest relating to the subject matter of this lawsuit.  This argument, like the others, is premised on Plaintiffs' revised articulation of their theories under which they purport to be challenging the actions of Defendants alone.  It fails for the same reasons.

---

[2] This concept is also incorporated into the plain language of the PCLCD itself. *See* PCLCD § 24.3 ("all arbitration decisions … with respect to the provisions of the Contract that are not changed or modified in this Agreement, remain in effect").

Once the SAC is properly construed to challenge the PCLCD itself, the notion that PMA "claims" no interest "relating to the subject matter of the action" is shown to be invalid.  PMA concedes that it negotiated and is a party to the PCLCD and reaps the benefits of the deal it struck with ILWU.  PMA also concedes that it is currently engaged in binding arbitration under the agreement over work Plaintiffs claim in which PMA is advocating for its own interpretation of the contract language at issue and arguing against Defendants'.  *See, e.g.*, PMA Mem., Dkt. No. 113, at 8.  Thus, under any real sense of the term, PMA "claims" a "legally-protected interest" relating to the subject matter of the action to the extent the action challenges the PCLCD "as written and applied."  For this reason and the additional reasons set forth in Defendants' opening brief, PMA is a necessary party under Rule 19(a)(1)(B).

Plaintiffs argue that PMA does not meet the requirements for joinder under Rule 19(a)(1)(B)(i) or (ii) because its interpretation of the PCLCD will either be advanced in the litigation by Plaintiffs or Defendants.  *Id.* at 12.  But this argument falsely assumes that there are only two ways to interpret the broad language of the agreement in every instance.

## C.  <u>Even if the Court Were to Find that PMA Does Not "Claim" an Interest Relating to the Subject Matter of the Action, Joinder Is Required Because PMA Remains A Necessary Party Under Rule 19(a)(1)(A).</u>

Plaintiffs' and PMA's emphasis on the fact that PMA does not want to join this lawsuit fails to supply a reason to deny joinder for another reason.  Even if PMA does not "claim an interest relating to the subject of the action" under Rule 19(a)(1)(B), this fact does not defeat joinder under Rule 19(a)(1)(A).  Joinder under subpart (A) is required where, as here, the court "cannot accord complete relief among the existing parties."  Subparts (A) and (B) supply their own independent, alternative tests.  *See* Fed. R. Civ. P. 19(a)(1) (joinder required under either (A) "or" (B)); *e.g., Young v. Regence Blueshield*, 389 F. App'x 692, 693

1   (9th Cir. 2010) (joinder required under Rule 19(a)(1)(A) alone); *Uzoebo v. Ocwen*
2   *Loan Servicing LLC*, No. EDCV 13-1232 JGB DTB, 2013 WL 6018067, at *3
3   (C.D. Cal. Nov. 12, 2013) (same).

4            Again, Plaintiffs' and PMA's argument for avoiding joinder under subpart
5   (A) is based entirely on Plaintiffs' new theory articulated in opposition to this
6   motion that "this is not an action to set aside" or "invalidat[e] any portion" of the
7   PCLCD and exclusively "arise[s] out of defendants' conduct."  *E.g.*, PMA Opp.,
8   Dkt. No. 113, at 10-12.  As shown above, the SAC plainly challenges not only
9   Defendants' conduct, but its agreement with PMA, including arbitration decisions,
10  and <u>does</u> seek to set aside and invalidate provisions of the PCLCD as applied to
11  certain work.  PMA offers no argument that it is not a necessary party under this
12  proper construction of Plaintiffs' claims.

13           Nor could PMA make such an argument.   As PMA explains, Rule
14  19(a)(1)(A) "'is concerned with consummate rather than partial or hollow relief as
15  to those already parties, and with precluding multiple lawsuits on the same cause
16  of action.'"  PMA Mem., Dkt. 113, at 10 (quoting *Disabled Rights Action Comm.*
17  *v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)).  An order against
18  Defendants barring enforcement of the relevant provisions of the PCLCD as
19  applied to the work Plaintiffs claim would be "partial or hollow" because it would
20  not apply to one side of the challenged agreement – PMA, and enforcement
21  against PMA would require a new lawsuit.  *See* Defs. Mem., Dkt. No. 104-1, at 13
22  (collecting cases holding that both parties to a challenged contract are necessary
23  parties).

24           Plaintiffs and PMA argue that PMA recently has disagreed with ILWU's
25  position about the meaning of the relevant PCLCD language in arbitration
26  proceedings and agreed with Plaintiffs.  This argument reveals the partiality of
27  any relief the Court could order against Defendants alone.  If PMA for its own
28  reasons decided to take a different position in the cases being arbitrated or in a

new project involving work Plaintiffs' claim, a Court order in this case would have nothing to say about it.  Rule 19(a)(1)(A) exists to address precisely this problem. i.e., to ensure that the efficacy of a court's order does not hinge on the whims of a non-party.  *E.g.*, *Disabled Rights Action Comm.*, 375 F.3d at 879 (provision "concerned with consummate rather than partial or hollow relief").

**D.**    **If Plaintiffs Wish to Alter Their Claims, They Should Be Required to Seek Leave to Amend Their Complaint or the Court Should Strike the Inconsistent Allegations.**

If Plaintiffs now seek to alter or narrow their claims, Plaintiffs' remedy is to seek leave to amend their complaint under Fed. R. Civ. P. 15.  Alternatively, the Court should strike under Fed. R. Civ. P. 10(f) all allegations in the SAC challenging anything other than unilateral action by one or more Defendants as the remainder of the allegations in the SAC are now "immaterial" or "impertinent." Whether by amendment or striking allegations in the SAC, the Court should not permit Plaintiffs to avoid joinder based on an inaccurately narrow reading of the SAC only to have Plaintiffs later seek broader relief in accordance with the SAC's actual or at least arguable scope.

**E.**    **Defendants' Motion was Timely Filed and Any Prejudice to PMA Can Be Alleviated By Allowing Additional Time for Supplemental Discovery and a Continuance of the Trial.**

Plaintiffs and PMA argue that Defendants delayed in filing their motion to join PMA.  They ignore that it is Plaintiffs' responsibility to join all necessary parties in the action and that Defendants brought this motion in late October, immediately after Plaintiffs' deadline to join parties had passed without Plaintiffs having joined PMA, which was months before the scheduled close of discovery. *Cf. Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. CV 14-02496-BRO (EX), 2015 WL 12655536, at *4 (C.D. Cal. Dec. 7, 2015) (O'Connell, J.) (denying motion for compulsory joinder brought after the close of discovery). The Federal Rules contemplate that such motions may be brought at any time and,

1   thus, expressly permit a motion to dismiss for failure to join a necessary party up

2   to and including trial.  Fed. R. Civ. P. 12(b)(7), (h)(2).

3       PMA contends that it would be prejudiced if it were compelled to join the

4   case at this late date.  Any such prejudice can be alleviated by allowing a short

5   continuance of the discovery cut-off and trial date to permit PMA to supplement

6   the discovery already conducted by Plaintiffs and Defendants, to the extent

7   necessary.   To the extent PMA's joinder is impossible, the case should be

8   dismissed under Fed. R. Civ. P. 12(b)(7).

9

10                          Respectfully submitted,

11  Dated: December 5, 2016      LEONARD CARDER, LLP

12                  By:    _____/s/_____

13                          Robert S. Remar
                            Eleanor Morton
14                          Lindsay R. Nicholas

15
                            *Attorneys for Defendants*
16                          INTERNATIONAL LONGSHORE AND
17                          WAREHOUSE UNION AND ITS
                            LOCALS 8, 10 AND 19
18

19

20  Dated: December 5, 2016      HOLGUIN, GARFIELD, MARTINEZ
                                  & GOLDBERG, APLC
21

22                  By:    _____/s/_____

23                          Steve Holguin
                            Gillian B. Goldberg
24                          Michael Plank

25
                            *Attorneys for Defendant*
26                          INTERNATIONAL LONGSHORE AND
27                          WAREHOUSE UNION LOCAL 13

28