DAVID A. ROSENFELD, Bar No. 058163
LISL R. SOTO, Bar No. 261875
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Boulevard, Suite 1320
Los Angeles, California 90017
Tel: 213-380-2344
Fax: 213-443-5098
E-Mail: drosenfeld@unioncounsel.net
lduncan@unioncounsel.net

RONALD C. GLADNEY, Bar No. 28160
PAUL C. HETTERMAN, Bar No. 27126
HARTNETT GLADNEY HETTERMAN, L.L.C.
4399 Laclede Avenue
St. Louis, Missouri 63108
Tel: 314-531-1054
Fax: 314-531-1131
E-Mail: rgladney@hghllc.net
phetterman@hghllc.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SURF CITY STEEL, INC., et al.,

Plaintiffs,

v.

INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al.,

Defendants.

No. 2:14CV-5604 BRO (SS)

Hon. Beverly Reid O'Connell

**PLAINTIFFS' OBJECTIONS TO PACIFIC MARITIME ASSOCIATION'S APPLICATION TO THE CLERK TO TAX COSTS**



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

## TABLE OF CONTENTS

Page


I. Introduction……………………………………………………………..…..……1

II. Standard………………………………………………………………………1

III. Objections…………………………………………………………..………2

A. Transcript for Deposition of Stephen Hennessey…………………………2

B. Costs Should Only be Taxed to Surf City and Sarens, Not All Plaintiffs…3

IV. Conclusion……………………………………………………………………3




WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*
2015 WL 4967769 at *2 (N.D. Cal. Aug. 20, 2015)..……………………………1

*Ass'n of Mexican-Am. Educators v. State of Cal.*
231 F.3d 572, 591 (9th Cir. 2000)…...…...……………………………………….1

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*
482 U.S. 437, 441-443 (1987)……….....………………………………………1

*Monaghan v. Telecom Italia Sparkle of N.A., Inc.*
2014 WL 12639268, at *2 (C.D. Cal. Oct. 21, 2014)………........………………2

*In re Ricoh Co., Ltd. Patent Litig.*
661 F.3d 1361, 1364, 1367 (Fed Cir. 2011)………………………..……………..1

**Statutes**

28 U.S.C. § 1920…………………………………………………….……….1,2

**Rules**

Federal Rules of Civil Procedure, Rule 54(d)…………………………..……....1,2

Local Civil Rules, Rule 54-2.2……………………………………………………1



WEINBERG, ROGER
& ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

## I. INTRODUCTION

On March 24, 2017, Defendant Pacific Maritime Association ("PMA") filed an Application to the Clerk to Tax Costs ("Application") against all Plaintiffs in the amount of $4,109.50. (Doc. No. 173). Local Rule 54-2.2 of the Central District of California permits a party to file written objections to any cost claimed in the application within seven days after service. Therefore, Plaintiffs submit the following objections to the PMA's Application to the Clerk to Tax Costs.

## II. STANDARD

"Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a presumption that the prevailing party will be awarded its taxable costs." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 5:12-CV-00630-LHK, 2015 WL 4967769, at *2 (N.D. Cal. Aug. 20, 2015). Nevertheless, the Court is vested with discretion to refuse to award costs. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-443 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.").

Furthermore, "the Federal Circuit (applying Ninth Circuit law) has noted that the burden first rests with the prevailing party to demonstrate the amount of costs that are taxable under relevant local laws." *Apple Inc.*, 2015 WL 4967769, at *3 (emphasis added) (citing *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364, 1367 (Fed. Cir. 2011) (applying FRCP Rule 54 to hold that "[t]he burden is on the prevailing party to establish the amount of compensable costs and expenses to which



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

they are entitled" (internal quotation marks omitted)). However, costs allowable under Rule 54(d)(1) "are limited to those set forth in 28 U.S.C. § 1920." *Monaghan v. Telecom Italia Sparkle of N.A., Inc.*, CV1300646ABCPLAX, 2014 WL 12639268, at *2 (C.D. Cal. Oct. 21, 2014).

## III. OBJECTIONS

### A. Transcript for Deposition of Stephen Hennessey

In the PMA's Application, it requests to be taxed the costs for the transcript of the deposition of Stephen Hennessey in the amount of $489.40. However, as indicated on the invoice for the deposition transcript, attached as Exhibit E to PMA's Application, the date of deposition was February 5, 2016, and the date of the invoice was February 16, 2016, both approximately eleven months before PMA became a party to this case.

Section 1920 permits a court or clerk to tax costs related to "electronically recorded transcripts," but only if these transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). At the time the deposition of Stephen Hennessey, a senior PMA official, was conducted on February 6, 2016, PMA was not a "party" to this lawsuit. Rather, PMA did not become a party to this case until it was named as a Defendant in Plaintiffs' Third Amended Complaint that was filed on January 3, 2017, approximately 11 months after this deposition was taken. (Doc. No. 126). Thus, this transcript was not "necessarily obtained for use in the case," as the PMA was not even a party at the time of the deposition. Rather, it appears that the PMA requested a copy of this transcript at the time for its own purposes, and not for use in this case as a party.

Therefore, PMA should not be awarded the $489.40 in costs relating to the transcript for the deposition of Stephen Hennessey.



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

### B. Costs Should Only be Taxed to Surf City and Sarens, Not All Plaintiffs

Lastly, in PMA's application, it requests that its costs be taxed against "Plaintiffs," which it further elaborates in the docket text to its filing to be "All Plaintiffs."

However, to the extent the Clerk or this Court awards PMA any of its requested costs, these costs should only be taxed against the remaining Plaintiffs that brought their claims against the PMA, which are Surf City Steel, Inc. ("Surf City") and Sarens USA, Inc. ("Sarens"). On June 18, 2015, this Court dismissed Plaintiffs' Second Amended Complaint and dismissed the Union Plaintiffs' from this case, thus leaving Surf City and Sarens as the remaining Plaintiffs. However, PMA did not become a party to this case until it was named as a Defendant in the Third Amended Complaint that was filed on January 3, 2017. (Doc. No. 126). Therefore, for the entire time period that the PMA was a party to this case, Surf City and Sarens were the remaining Plaintiffs, not the Union Plaintiffs.

Therefore, to extent the Clerk or this Court awards PMA any of its requested costs, these costs should be taxed against the remaining Plaintiffs, Surf City and Sarens, not the Union Plaintiffs.

## IV. CONCLUSION

Therefore, for the aforementioned reasons, any costs that are to be awarded to the PMA must only be awarded against Plaintiffs Surf City and Sarens, and the $489.40 claimed for the cost of the transcript for the deposition of Stephen Hennessey must be disallowed.



WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Dated: March 31, 2017

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN

By: /S/ PAUL C. HETTERMAN

RONALD C. GLADNEY, No. 28160MO
PAUL C. HETTERMAN, No. 27126MO

Attorneys for Plaintiffs



WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344